1  SEYFARTH SHAW LLP
   Brian T. Ashe (SBN 139999)
2  bashe@seyfarth.com
   Shireen Yvette Wetmore (SBN 278501)
3  swetmore@seyfarth.com
   560 Mission Street, 31st Floor
4  San Francisco, California 94105
   Telephone:   (415) 397-2823
5  Facsimile:   (415) 397-8549

6  SEYFARTH SHAW LLP
   Kyle A. Petersen (ISBN 6275689) (admitted *Pro Hac Vice*)
7  kpetersen@seyfarth.com
   131 South Dearborn Street, Suite 2400
8  Chicago, Illinois 60603
   Telephone:   (312) 460-5000
9  Facsimile:   (312) 460-7000

10 Attorneys for Defendants
   DIGITAL REALTY TRUST, INC.
11 and ELLEN JACOBS

12                 UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14 PAUL SOMERS, an individual,                Case No. 3:14-cv-05180 EMC

15            Plaintiff,                       **DEFENDANT DIGITAL REALTY
                                              TRUST, INC.'S REPLY IN SUPPORT OF**
16       v.                                   **MOTION TO ALTER OR AMEND
                                              ORDER OF MAY 15, 2015, TO CERTIFY**
17 DIGITAL REALTY TRUST, INC., a Maryland     **QUESTION FOR INTERLOCUTORY
   corporation; ELLEN JACOBS, an individual, and  APPEAL AND TO STAY PENDING**
18 DOES ONE through TEN, inclusive,           **APPEAL**

19            Defendants.                      **[28 U.S.C. § 1292(B)]**

20                                            Date:       July 30, 2015
                                             Time:       1:30 p.m.
21                                            Courtroom:  5, 17th Floor
                                             Judge:      Hon. Edward M. Chen
22

23

24

25

26

27

28

**INTRODUCTION**

Plaintiff fails to raise any winning argument about why interlocutory review is not appropriate in this case. He claims that the question Defendant Digital Realty Trust seeks to have certified does not meet the requirements for interlocutory review. 28 U.S.C. § 1292(b). He is wrong.

Defendant has argued that Plaintiff was required to report an alleged violation of law to the Security and Exchange Commission before he could qualify as a whistleblower under the Dodd-Frank Act. Resolution of this question has split district courts in the Northern District. In this case, no one disputes that Plaintiff failed to report anything to the SEC. Thus, if Defendant is correct in its position, interlocutory review will entirely dispose of the Dodd-Frank Act claim.

The importance of the issue requested to be certified for interlocutory review to the jurisprudence of this District (and to this case directly) is sufficient to qualify the question as one of controlling law that will materially advance the litigation. Consequently, the Court is asked to certify the case to the Ninth Circuit.

**ARGUMENT**

**I.    THE COURT SHOULD CERTIFY ITS ORDER FOR INTERLOCUTORY APPEAL**

**A.    The Order Involves A Controlling Question Of Law That Will Materially Advance The Litigation.**

The issue before the Court has a controlling issue of law, resolution of which will materially advance the litigation. Courts have refused to interpret the phrase 'controlling question of law' "so narrowly as to require that reversal of the district court's order terminate the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) (Plaintiff's authority). "Rather, all that must be shown in order for a question to be 'controlling' is that resolution of the issues on appeal could materially affect the outcome of litigation in the district court." *Id.*; *see also Rollins v. Dignity Health*, No. 13-cv-1450-THE, 2014 U.S. Dist. LEXIS 165531, *12 (N.D. Cal., Nov. 6, 2014) (noting that considerations of whether an appeal will materially advance the litigation "overlap significantly" with considerations as to whether an issue is a controlling question of law).

In a case similar to this one, *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011), the plaintiff argued that certification should not have been granted because a decision in the

1

1  defendant's favor would not resolve all of plaintiff's claims.  There, as here, the plaintiff had filed an

2  amended complaint asserting new claims against the defendant company.  *Reese*, 643 F.3d at 688.  The

3  court rejected plaintiff's argument, writing that "neither § 1292(b)'s literal text nor controlling precedent

4  requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may

5  materially advance' the litigation."  *Id*.  The court concluded that because reversal "may" result in the

6  removal of a defendant and dispose of certain claims against the remaining defendants, "[t]hat is

7  sufficient to materially advance the litigation."  *Id*.; *see also Rollins*, 2014 U.S. Dist. LEXIS 165531 at

8  *12.

9           Here, there are three ways a reversal of the Court's order will materially advance the litigation.

10  First, there is the possibility that the Court will not accept supplemental jurisdiction over the section

11  1102.5 claim.  If that happens, the primary opposition argument about efficiency will be dashed in one

12  fell swoop if the Dodd-Frank ruling is reversed.  Plaintiff's opposition does not admit this truth.

13          Second, by disposing of the Dodd-Frank claim the **potential damages will be cut in half**.  *See*

14  15 U.S.C. § 78u-6(h)(1)(C)(ii).  Plaintiff's opposition does not confront the impact of halving the

15  damages.  Cutting liability by 50% is a material advancement in the litigation.

16          Third, a reversal on the Dodd-Frank ruling will eliminate an entire claim from the case, narrow

17  the issues to be briefed by the parties and eliminate additional matters for consideration by the court and

18  the jury.  As shown in the opening brief, those advances have been accepted as making a material

19  difference to the case.

20          Plaintiff cites *In re Cement Antitrust Litigation* in support of his argument that a reversal of the

21  Court's decision on Plaintiff's Dodd-Frank claim will not "materially affect the outcome of litigation in

22  district court."  (Opp. at 2:13-16).  That case involved an interlocutory appeal from a judge's decision to

23  recuse himself from the litigation.  As the court wrote: "it is difficult for us to think of a question which

24  is more separable from and collateral to the merits of this lawsuit than is the question of Judge Muecke's

25  recusal decision.  Since an appellate decision that recusal was improper could in no way materially

26  affect the outcome of the litigation, we cannot view the question as controlling."  *In re Cement Antitrust*

27  *Litig*., 673 F.2d at 1027.  By contrast, here, the question of whether Plaintiff satisfied the prerequisites

28

2

DIGITAL'S REPLY ISO MOT. TO ALTER OR AMEND MAY 21, 2015, ORDER TO CERTIFY QUESTION FOR
APPEAL AND STAY PENDING APPEAL/CASE NO. 3:14-CV-05180 EMC

for bringing his Dodd-Frank claim directly effects his ability to maintain that claim.  It therefore constitutes a controlling issue of law.

**B.      There Is Substantial Ground For Difference Of Opinion As To The Controlling Question Of Law.**

Plaintiff seeks to distinguish *AsIs Internet Servs. v. Active Response Group*, C07 6211 TEH, 2008 U.S. Dist. LEXIS 117075 (N.D. Cal., Sept. 16, 2008), from the present case by arguing that the district court certifying interlocutory appeal in that case "was the fifth to decide the issue and three of the prior cases were already on appeal before the Ninth Circuit."  (Opp. at 2:24-28).  Nothing in 28 U.S.C. § 1292(b) says there is some threshold number of cases that must be at issue before this element is satisfied.  An interlocutory appeal need only involve "'an issue over which reasonable judges might differ' and such 'uncertainty provides a credible basis for a difference of opinion' on the issue." *Reese*, 643 F.3d at 688 (*citing In re Cement Antitrust Litig.*, 673 F.2d at 1028).

This Court already said there was a substantial ground for difference of opinion [Dock. No. 48, p. 10:1-4, n.3, 4; 19:29.], so the issue is settled.

**C.      Plaintiff's Arguments Against Interlocutory Appeal Are Unconvincing.**

Plaintiff's efforts to counter Defendant's arguments in favor of interlocutory review are unpersuasive.  Plaintiff brushes off the prospect that a successful appeal will result in a savings of time and resources on the grounds that the appeal *might* not be successful.  (Opp. at 3:13-16).  Certainty of prevailing, however, is not a prerequisite for interlocutory certification.  Indeed, such a rule would make superfluous the second element of the certification test.  After all, if avoiding the time and expense of appeal was part of the test, then how could there be an element in 28 U.S.C. § 1292 requiring reasonable judges to differ on the issue?  Every time there is a reasonable difference of opinion on a legal issue, the certainty of success on appeal tends to diminish.

In the same vein, Plaintiff dismisses the prospect of enhanced settlement discussions on the basis that Defendant is "assuming a victory," and argues that an appeal would be unnecessary and time consuming.  (Opp. at 3:22-27).  That is not Defendant's position.  Instead, Defendant maintains, consistent with Northern District case law, that the possibility of enhancing the success of settlement negotiations favors interlocutory review. *See Rollins*, 2014 U.S. Dist. LEXIS 165531 at *13 ("If the

3

1  Court of Appeals affirms, the case can proceed on the relatively few issues that remain with greater
2  certainty.  Such certainty could even encourage a negotiated settlement, which would not just materially
3  but completely advance the determination of this litigation.").

4       And on the issue of time and expense (even though it is not an element), the issue to be certified
5  for review is narrow and has already been briefed by the parties.  Plaintiff can hardly argue that
6  appellate review now would be more time-consuming or expensive than litigating the Dodd-Frank claim
7  through to judgment only to appeal it then.

8       Plaintiff argues in favor of having the parties proceed directly to discovery, suggesting that
9  discovery will be limited prior to any mediation of this matter.  (Opp. at 3:17-21).  However, Plaintiff
10  takes no account of the possibility that mediation will prove unsuccessful.  Should mediation prove
11  unsuccessful, then the costs involved in briefing and litigating an additional claim will be higher.

12       Nor does Plaintiff account for the fact that denying interlocutory review could create a barrier to
13  a successful mediation.  Given Defendant's firm belief that the Dodd-Frank claim should properly be
14  excluded from the case and Plaintiff's contrary belief, the double damages issue supports them, this
15  barrier could be removed through appellate review.  As such, an enhanced possibility of early resolution
16  through settlement would promote savings in time and costs and increase the likelihood of a successful
17  mediation.  *See Su v. Siemens Indus.*, 2014 U.S. Dist. LEXIS 80349 at *5 ("'A steadily growing number
18  of decisions' have found 'that a question is controlling, even though its disposition might not lead to
19  reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense
20  for the litigants.'").

21       Although Plaintiff appears to argue that the Dodd-Frank claim is no more complicated than any
22  other claim a jury would have to consider (Opp. at 4:1-4), he fails to acknowledge that removing an
23  entire claim from the case would narrow the issues the parties are required to brief and that the Court is
24  required to consider, and would save time at trial and during jury deliberations.  As described above,
25  these considerations support interlocutory review.  *See Su*, 2014 U.S. Dist. LEXIS 80349 at *5.

26       Plaintiff also asserts that interlocutory review should not be certified because there is no
27  evidence that other district courts are currently addressing this issue.  (Opp. at 3:6-12).  One need look

28

4

1  no further than this Court's own docket to respond to this concern.  *See Nazif v. Computer Sciences*

2  *Corp.*, No. C-13-5498 EMC, 2015 U.S. Dist. LEXIS 78673, *14 (N.D. Cal. June 17, 2015) ("The Court

3  rejects CSC's argument that Nazif cannot qualify as a whistleblower under the DFA because he did not

4  make an external report to the SEC.  In doing so, the Court adopts its reasoning in *Somers*.  *See* 2015

5  U.S. Dist. LEXIS 64178, 2015 WL 2354807.").  The impact of the legal question on other cases has

6  been used in this District as a consideration for certification.  *See Su*, 2014 U.S. Dist. Lexis 80349, *6

7  (Judge Jon Tigar granting motion to certify where the court found "leaving the legal issue unresolved

8  will leave a cloud over practically any judgment rendered . . . in this action" and that "the questions

9  decided are of substantial public policy importance to the state as a whole...").

10        **D.      The Court Should Stay The Case Pending Interlocutory Appeal.**

11        Plaintiff's arguments against a stay are equally unconvincing.  A stay would promote judicial

12  efficiency and orderly litigation.  *See Rollins*, 2014 U.S. Dist. LEXIS 165531 at *16.  Such certainty will

13  allow the litigation to turn to the remaining issues in an orderly fashion.  Plaintiff argues that there is no

14  reason to stay the litigation because the issues raised by the Dodd Frank claim and Plaintiff's claim

15  under Labor Code section 1102.5 are the same.  Of course, Defendant has filed a Motion to Dismiss

16  Plaintiff's section 1102.5 claim, which should properly be granted given the barriers to Plaintiff's ability

17  to maintain that claim.  Assuming that claim should survive, however, allowing one claim to proceed

18  while the other is on appeal would most likely result in piecemeal litigation and duplicative efforts that

19  would impede judicial efficiency.  A stay will prevent such an outcome.

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

1

**CONCLUSION**

2

For the foregoing reasons, Defendant respectfully requests that the Court amend its Order of

3

May 15, 2015, to certify interlocutory review.  For the reasons stated above, certification of this issue

4

meets the requirements for interlocutory review set out in 28 U.S.C. § 1292(b).  Defendant's motion to

5

alter or amend the Court's order should therefore be granted and a stay entered pending determination of

6

the issue on appeal.

7

8

DATED:  July 13, 2015

9

Respectfully submitted,

SEYFARTH SHAW LLP

10

11

By: /s/ Brian T. Ashe

12

    Brian T. Ashe
    Kyle A. Petersen
    Shireen Y. Wetmore

13

Attorneys for Defendant

14

DIGITAL REALTY TRUST
and ELLEN JACOBS

15

16

20378048v.1

17

18

19

20

21

22

23

24

25

26

27

28