UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SOMERS,<br><br>       Plaintiff,<br><br>    v.<br><br>DIGITAL REALTY TRUST, INC., *et al.*,<br><br>       Defendants.<br>_____/ | No. C-14-5180 EMC<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION TO ALTER OR AMEND ORDER OF MAY 15, 2015, TO CERTIFY QUESTION FOR INTERLOCUTORY APPEAL; (2) DENYING DEFENDANTS' MOTION FOR A STAY PENDING APPEAL; AND (3) DENYING DEFENDANTS' MOTION TO DISMISS CALIFORNIA LABOR CODE CLAIM**<br><br>**(Docket Nos. 53, 55)** |

## I. INTRODUCTION

On June 22, 2015, Defendants brought two motions that are currently pending before the Court. In their first motion, Defendants ask this Court to certify for interlocutory appeal its May 15, 2015, Order Denying Defendants' Motion to Dismiss, and to stay this case pending appeal. Docket No. 53. In their second motion, Defendants ask the Court to dismiss Plaintiff's claim for whistleblower retaliation brought under California Labor Code Section 1102.5. Docket No. 55. The Court concludes that these matters are suitable for decision without oral argument, and consequently **VACATES** the hearing scheduled for July 30, 2015. *See* Civil Local Rule 7-1(b). For the reasons explained below, the Court grants Defendants' request to certify its earlier order for interlocutory appeal, but denies Defendants' other two requests for relief.

///

///

///

## II. BACKGROUND

Plaintiff Paul Somers brought this action against his former employer, Defendant Digital Realty Trust, on November 24, 2014. Docket No. 1. Somer's original complaint alleged the following five causes of action: (1) discrimination on the basis of his sexual orientation, in violation of Title VII; (2) whistleblower retaliation in violation of the Dodd-Frank Act (DFA); (3) wrongful termination in violation of public policy; (4) breach of contract; and (5) defamation. *See id.*

Digital Realty moved to dismiss Somer's DFA claim on February 6, 2015, arguing that Somer's whistleblower retaliation claim failed as a matter of law because Somers could not qualify as a "whistleblower" under the Dodd-Frank Act. Docket No. 20. Specifically, Digital Realty argued that in order to qualify for the whistleblower protections of the DFA, a putative whistleblower *must* make an external report of alleged law violations to the Securities and Exchange Commission (SEC). *See id*. at 3. Because it is undisputed that Somers never made a report to the SEC, Digital Realty argued that Somer's DFA claim should be dismissed with prejudice.

On May 15, 2015, this Court issued an order denying Digital Realty's motion to dismiss. Docket No. 48; *Somers v. Digital Realty Trust, Inc.*, -- F. Supp. 3d --, 2015 WL 2354807 (N.D. Cal. 2015). In short, the Court concluded that the whistleblower protections of Dodd-Frank extend "to individuals like Somers who report suspected violations not to the SEC, but to internal management." *Somers*, 2015 WL 2354807, at *1. In so doing, however, the Court recognized that the legal question before it was "difficult," and acknowledged that a number of other courts to consider the issue, including the only federal appeals court to issue a decision on the matter, had reached a contrary conclusion (*i.e.*, these courts held that a report to the SEC *is* required as a matter of law). *See id.* at *6.

On June 4, 2015, Somers filed an amended complaint. Docket No. 51 (Complaint). The amended (and operative) complaint was filed with Defendants' consent. *See* Docket No. 49. Somers's amended complaint added a new cause of action for whistleblower retaliation under California Labor Code section 1102.5. *See* Complaint at ¶¶ 82-87. The factual allegations underlying Somers's state law whistleblower retaliation claim are the exact same as those that underlie his DFA whistleblower retaliation claim. *See id.*

2

Defendants filed the instant motions on June 22. In their first motion, Defendants ask this Court to certify for interlocutory appeal its order denying Defendants' motion to dismiss Somers's DFA claim. Docket No. 53. Defendants also ask the Court to stay this action pending appeal. *Id.* In its second motion, Defendants ask this Court to dismiss Somers's newly-added state whistleblower retaliation claim, or, in the alternative, decline to exercise supplemental jurisdiction over this claim.

### III.   DISCUSSION

A.   <u>Defendants' Motion to Certify Order for Interlocutory Appeal</u>

Defendants ask this Court to certify its May 15 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides in full:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves [(1)] a controlling question of law as to which [(2)] there is substantial ground for difference of opinion and that [(3)] an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

*Id.*

"[T]he party pursuing the interlocutory appeal bears the burden of . . . demonstrating" that the district court order at issue involves a controlling question of law; that there is substantial ground for difference of opinion on that legal question; and that an immediate appeal on that legal question may materially advance the ultimate termination of the litigation. *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). All three requirements must be met for there to be certification under section 1292(b). *See id.*

Here, all three requirements for certifying an interlocutory appeal are satisfied. This Court's determination that the DFA whistleblower protection provisions apply to Somers represents a pure decision of law that, if reversed, would be outcome determinative of his Dodd-Frank claim. The parties agree that Somers did *not* make a report to the SEC. Thus, if this Court's legal determination

3

that such a report is *not* required to state a whistleblower retaliation claim under the DFA is reversed on appeal, Somers's Dodd-Frank claim will necessarily be dismissed with prejudice. Thus, both the first and third 1292(b) factors are satisfied – an interlocutory appeal here would be on a "controlling question of law" that will "materially advance the ultimate termination of the litigation." *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (holding that an interlocutory appeal is appropriate where a reversal will remove an entire claim from the litigation); *see also In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982) (suggesting that a question of law is "controlling" where, as here, the order under review could constitute "reversible error on final appeal").

The second 1292(b) factor (substantial ground for difference of opinion) is also met. As the Ninth Circuit has held, "[c]ourts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point . . . .'" *Couch*, 611 F.3d at 633. As the Court noted in its Order, while the "large majority of courts to consider the Dodd-Frank's whistleblower-protection provisions" have reached the same conclusion as the undersigned, *see Somers*, 2015 WL 2354807, at *6, a significant number of courts (including at least one from this District) have reached the opposite conclusion, including the only federal appellate court to consider the issue. *See, e.g.*, *Asadi v. GE Energy (USA), L.L.C.*, 720 F.3d 620 (5th Cir. 2013) (holding that an external report to the SEC is required to state a whistleblower retaliation claim under the DFA); *Banko v. Apple Inc.*, 20 F. Supp. 3d 749 (N.D. Cal. 2013) (same); *Verfeurth v. Orion Energy Sys.*, 65 F. Supp. 3d 640 (E.D. Wisc. 2014) (same); *Englehart v. Career Education Corp.*, No. 14-cv-444-T-33-EAJ, 2014 WL 2619501 (M.D. Fla. May 12, 2014) (same). Put simply, there is a serious split in authority on the pure legal question Defendants seek leave to appeal, and the question is one of first impression in the Ninth Circuit. Hence the Court's order raises an issue on which there is "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). The Court will issue an amended Order certifying this issue for interlocutory appeal.

///

///

B.  Defendants' Motion for a Stay Pending Appeal

Defendants argue in just one paragraph of analysis that this Court should stay this case pending the completion of any interlocutory appeal. Docket No. 53 at 7. Notably, Defendants do not even identify the legal standard that this Court should apply to its request for a stay, nor do Defendants attempt to argue that the unidentified legal standard is met. The Court could deny Defendants' stay request for this reason alone.

In any event, it seems clear that Defendants are not entitled to a stay on the merits. Whether to issue a stay pending appeal is "an exercise of judicial discretion . . . to be guided by sound legal principles." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009); *see also Guifu Li v. A Perfect Franchise, Inc.*, No. 10-cv-1189-LHK, 2011 WL 2293221, at *2 (N.D. Cal. Jun. 8, 2011). In determining whether a stay should issue, the Court should consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether the public interest favors a stay.

*In re Carrier IQ Consumer Privacy Litig.* (*In re Carrier IQ*), No. C-12-md-2330 EMC, 2014 WL 2922726, at *1 (N.D. Cal. Jun. 13, 2014) (citations omitted); *see also Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011).

Here, Defendants have not identified any harm they might suffer if a stay is denied, let alone any *irreparable* harm. Moreover, a stay of this action would likely substantially injure Somers. Somers's Dodd-Frank claim is just one of six causes of action pleaded in his operative complaint. Defendants have not even endeavored to explain why this Court should stay the adjudication of these other five causes of action, such as Somers's claim of sexual orientation discrimination, while the Ninth Circuit decides the relatively discrete question of whether Somers can qualify as a whistleblower under the DFA. "The party requesting the stay . . . bears the burden of showing that the case's circumstances justify favorable exercise of [the Court's] discretion." *Morse v. Servicemaster Global Holdings, Inc.*, No. C10-628-SI, 2013 WL 123610, at *1 (N.D. Cal. Jan. 8, 2013) (citing *Nken*, 556 U.S. at 433-34). Because Defendants did not even attempt to meet that burden, the request for a stay pending appeal is denied.

C.     Defendants' Motion to Dismiss Somers's California Whistleblower Retaliation Claim

In a separate three-page motion, Defendants argue that this Court should dismiss Somers's claim under California Labor Code section 1102.5 for whistleblower retaliation because it is time-barred. Docket No. 55. Defendants' motion to dismiss must be denied for multiple reasons. First, Defendants have not even established whether a one or three-year statute of limitations period applies to Somers's California whistleblower retaliation claim. See Docket No. 59 at 2 (Defendants' reply brief acknowledging that different courts have reached different conclusions regarding the applicable limitations period). If a three-year period applies, Defendants concede that Somers's claim was timely filed. *See* Docket No. 55 at 2. And even assuming a one-year limitations period applies, it is not obvious that Somers's section 1102.5 claim is time-barred. *See U.S. ex rel. Air Control Technologies, Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (holding that a claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint). Defendants argue that Somers was required to file his state whistleblower claims by April 9, 2015, in order to be timely, and note that Somers did not amend his complaint to plead a section 1102.5 claim until June 4, 2015. Docket No. 55 at 2. But Somers filed this action on November 24, 2014, and his state whistleblower retaliation claim arises out of the same "conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Thus, Somers's section 1102.5 claim likely "relates back to the date of the original pleading," which Defendants admit would render the state law claim timely filed. *See id*. Defendants try to argue that relation back is not appropriate where a party unduly delayed in filing the challenged claim, and contend Somers unduly delayed in bringing his section 1102.5 cause of action. But Defendants cite no legal authority for this proposition – the two cases cited by Defendants both hold that a Court may consider undue delay when determining whether to permit an amended complaint to be filed in the first instance. But here, the amended complaint has already been filed with the Court. Indeed, Defendants consented to its filing. Docket No. 49. Put simply, Defendants have not shown that Somers's California whistleblower retaliation cause of action is time barred on its face, and thus dismissal is inappropriate.

Defendants' alternative suggestion, that this Court use its discretion to decline to exercise supplemental jurisdiction over Somers's section 1102.5 claim, is similarly without merit. Defendants argue that "declin[ing] jurisdiction will aid in perfecting interlocutory appeal because it furthers the 'efficiency' element of 28 U.S.C. § 1292(b)." Docket No. 59 at 2. To the extent the Court understands the Defendants' argument, it is denied. There would be nothing efficient about declining to exercise jurisdiction over Somers's whistleblower retaliation claim brought under state law, thereby requiring him to litigate that claim separately in state court while his other claims – including his DFA whistleblower retaliation claim predicated on the exact same conduct – proceed in this forum. Defendants' motion to dismiss is therefore denied.

This order disposes of Docket Nos. 53 and 55.

IT IS SO ORDERED.

Dated: July 22, 2015

_____
EDWARD M. CHEN
United States District Judge

7