UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SOMERS,<br><br>  Plaintiff,<br><br>  v.<br><br>DIGITAL REALTY TRUST INC., et al.,<br><br>  Defendants. | Case No. 14-cv-05180-EMC<br><br>**ORDER SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS TO THE JULY 8, 2016 ORDER**<br><br>Docket No. 111 |

On August 2, 2016, Plaintiff Paul Somers filed objections to Judge Westmore's July 8, 2016 order regarding the parties' discovery letter brief. Docket No. 111 (Obj.). Having reviewed Somers's objections and Defendant Digital Realty's opposition, the Court **SUSTAINS IN PART** and **OVERRULES IN PART** Somers's objections.

As an initial matter, the Court recognizes that Somers's objections were not timely filed. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to [a magistrate judge's non-dispositive] order within 14 days after being served with a copy"). However, Somers is also a pro se litigant, and the Court will therefore consider his untimely objections on the merits this one time.[1]

Under Federal Rule of Civil Procedure 72(a), a district judge "may modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." Clear error exists when this Court is "'left with the definite and firm conviction that a mistake has been committed.'" *Titus v. Humboldt Cnty. Fair Ass'n*, Case No. 14-0143 SBA, 2015 U.S. Dist.

---

[1] Somers is forewarned that he must review the applicable federal and local rules, and will be expected to comply with the required deadlines in the future.

LEXIS 162517, at *3 (N.D. Cal. Dec. 1, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).  For the most part, Somers's objections do not reach this high standard.

First, Somers objects to the narrowing of the time frame and search terms for Outlook calendar appointments.  Obj. at 2.  However, Judge Westmore did not improperly narrow either; she simply ordered that the parties meet and confer regarding a date range and search terms to narrow the search.  Docket No. 110 (Ord.) at 2.  Further, Somers does not explain why a narrowing of either is an error or would be prejudicial, as he does not explain why he had chosen a 3-month search period to begin with, or why he would require all calendar appointments rather than calendar appointments with a particular person or on a particular meeting subject.  In any case, it appears that Digital Realty has produced all calendar entries to Somers, despite his refusal to narrow the search terms, rendering this objection moot.  *See* Docket No. 115 (Petersen Dec.), Exh. B (Digital Realty e-mail sending calendar entries, and acknowledgment of receipt by Somers).

Second, Somers argues that Judge Westmore erred in requiring Somers to make himself available for deposition in the next 30 days, without making a similar requirement of Digital Realty Trust.  Obj. at 3.  In short, Somers does not challenge the 30-day deadline, so much as the lack of a deadline for Digital Realty Trust, but it is not apparent from the record that Somers even requested such a deadline.  *See* Docket No. 108 (Joint Discovery Letter); Docket No. 114 (Opp.).  This is not a basis for finding error.  The Court overrules this objection; Somers must make himself available for deposition.

Finally, Somers contends that he should not be required to turn over his medical records because beyond claiming "garden-variety" emotional distress damages, he has not placed his psychological state in controversy.  Obj. at 3. With respect to psychotherapist-patient privilege, the courts have generally found a waiver only "when the plaintiff has done more than allege 'garden-variety' emotional distress," with "garden-variety" emotional distress being described as "ordinary or commonplace emotional distress" or that which is "simple or usual." *Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Cal. 2003); *EEOC v. Lexus Serramonte*, 237 F.R.D. 220, 224 (N.D. Cal. 2006) (finding no waiver of right of privacy where the plaintiff asserted garden-variety

claim for emotional distress and did not intend to rely on medical records or medical testimony to support her claim).  In contrast, emotional distress that is not garden variety "may be complex, such as that resulting in a specific psychiatric disorder." *Ruhlmann v. Ulster Cnty. Dep't of Soc. Servs.*, 194 F.R.D. 445, 449 n.6 (N.D.N.Y. 2000); *cf. Jackson v. Chubb Corp.*, 193 F.R.D. 216, 226 (D.N.J. 2000) (finding that if a plaintiff alleged garden-variety emotional distress, and not "a separate tort for the distress, any specific psychiatric injury or disorder, or unusually severe distress," she did not waive the psychotherapist-patient privilege).  As to physician-patient privilege, California "recognizes a medical records privilege that allows a patient to refuse to disclose, or prevent another from disclosing, confidential communications with a physician in the course of the patient-physician relationship." *Johnson v. Northwest Airlines, Inc.*, No. C 08-2272 VRW, 2009 U.S. Dist. LEXIS 30731, at *7 (N.D. Cal. Marc. 30, 2009) (citing Cal. Evid. Code §§ 990-994).  Two exceptions exist: when the patient places his physical condition at issue, and when waived. *Id.*

Here, Digital Realty argues that there is waiver of both the psychotherapist-patient and physician-patient privilege because Somers has alleged more than garden-variety emotional distress. *See* Opp. at 3.  The Court disagrees, and finds that Somers has not waived either privilege.  Having reviewed the complaint, the Court does not agree that Somers has alleged something more complex than typical emotional distress, such as a psychiatric disorder or any physical condition resulting from Digital Realty's actions.  While Somers has alleged that Digital Realty has acted badly, that goes to Digital Realty's behavior, not necessarily that Somers is suffering a harm greater than what would be expected for the situation.[2]  Thus, the Court will sustain this objection, and will not require Somers to turn over his medical records.  However, should Somers later expand his claims to include something more than "garden-variety" emotional distress, discovery on such claims (including of his psychological or medical records) may be appropriate.  *See Smith v. Equinox Holdings, Inc.*, Case No. 14-cv-846-LB, 2015 U.S. Dist.

---

[2] To the extent that Digital Realty argues that Somers is seeking "$1,000,000 in emotional distress damages," this is a mischaracterization of the complaint as the $1,000,000 is not limited to emotional distress, but includes his "substantial losses in earnings and job benefits."  Docket No. 51 (First Amended Compl.) (FAC) at ¶ 40; *see also id.* at ¶ 57.

3

LEXIS 17527, at *11 (N.D. Cal. Feb. 12, 2015) ("Should [the plaintiff's emotional distress] claims later expand beyond the limits he has described, the court will entertain a request to open attendant evidence to discovery").

In conclusion, the Court **OVERRULES** Somers's first and second objections, but **SUSTAINS** Somers's third objection regarding his medical records.

This Order disposes of Docket No. 111.

**IT IS SO ORDERED**.

Dated: August 8, 2016

_____
EDWARD M. CHEN
United States District Judge