UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SOMERS,<br><br>    Plaintiff,<br><br>    v.<br><br>DIGITAL REALTY TRUST INC, et al.,<br><br>    Defendants. | Case No. 14-cv-05180-EMC (KAW)<br><br>**ORDER REGARDING DEFENDANTS' DISCOVERY LETTER**<br><br>Re: Dkt. No. 158 |

On November 18, 2016, Defendants Digital Realty Trust and Ellen Jacobs filed a discovery letter, seeking documents in preparation for Plaintiff Paul Somers's deposition. (Dkt. No. 158.) Although Defendants provided Plaintiff with the discovery letter on November 11, 2016, Plaintiff did not provide his position on the letter. (*Id.* at 1-2.)

As an initial matter, the Court observes that Plaintiff's deposition is scheduled for Tuesday, November 22, 2016, yet Defendants did not file their letter until Friday, November 18, 2016, after the Court had already closed. The documents in dispute were apparently sought in **October 2015**, and several requests were previously resolved by the Court in its July 8, 2016 order. (*See* Dkt. Nos. 110 at 1, 158 Exh. A.) Moreover, to the extent Defendants assert that these documents are needed for Plaintiff's deposition, Plaintiff's deposition has been re-scheduled several times already. (*See* Dkt. No. 132 (ordering Plaintiff's deposition to take place on September 26, 2016); Dkt. No. 138 (order rescheduling Plaintiff's deposition to take place on October 26, 2016); Dkt. No. 149 (order rescheduling Plaintiff's deposition to take place on November 22, 2016). Thus, Defendants were or should have been aware of the need for these documents long before November 11, 2016, when Defendants apparently first provided Plaintiff with the proposed discovery letter. As a result, Defendants did not bring this dispute to the Court's attention until less than two business

days before Plaintiff's deposition is to take place, despite seeking an order "sufficiently in advance of [Plaintiff's] November 22, 2016 deposition so that the material produced is usable at the deposition . . . ."  (Dkt. No. 158 at 3.)  Defendants offer no justification for this undue delay, and such behavior is unacceptable and will not be tolerated in the future.

That said, the Court has reviewed Defendant's discovery letter, and hereby orders the following:

With respect to[1] "Requests for Production, Set One, Request No. 8" (documents reflecting Plaintiff's mitigation efforts) and "Requests for Production, Set One, Request No. 7" (documents reflecting Plaintiff's claim for damages), the Court previously ordered Plaintiff to provide his responses within 14 days of the Court's July 8, 2016 order.  (Dkt. No. 110 at 1.)  The Court ORDERS Plaintiff to produce these documents before or at his November 22, 2016 deposition.  If Plaintiff fails to produce these documents, he will face sanctions.  *See* Fed. R. Civ. P. 37(b)(2).

With respect to "Requests for Production, Set Three, Request No. 6" (passports used by Plaintiff in 2014), the Court finds that Plaintiff's passport is relevant to his allegations that Defendant Digital Realty's actions resulted in Plaintiff being stranded in Singapore for 90 days.  (First Amended Compl. ¶¶ 62(ix)(b), (e), (f), Dkt. No. 51.)  Plaintiff has provided no legal justification for why he should not have to produce his passport, and has waived any such objections by failing to timely respond to Defendants' Request for Production, Set Three.  (Dkt. No. 158 at 2, Exh. B at 3; *see also Monrad v. Krueger*, Case No. 14-cv-2529-KAW, 2015 U.S. Dist. LEXIS 18305, at *4 (N.D. Cal. Feb. 13, 2015) (finding that failure to timely respond to requests for production of documents constitutes a waiver of all objections).)  Thus, the Court ORDERS Plaintiff to either produce his passport at his November 22, 2016 deposition so that Defendants may copy it, or to provide Defendants with a copy of his passport at his deposition.

With respect to "Requests for Production, Set Three, Request No. 13" (any materials containing Digital's proprietary information), Plaintiff again provides no legal justification for why he should not be required to produce these documents, and his failure to furnish timely written

---

[1] To avoid confusion, the Court will refer to the propounded discovery using the designations Defendants used in their letter.

1  responses constitutes a waiver of objections.  *See Monrad*, 2015 U.S. Dist. LEXIS 18305, at *4.
2  Thus, the Court ORDERS Plaintiff to produce these documents before or at his November 22,
3  2016 deposition.  Failure to produce the documents may result in the imposition of sanctions.
4      IT IS SO ORDERED.
5  Dated: November 21, 2016

                                       KANDIS A. WESTMORE
                                       United States Magistrate Judge