March 8, 2017

**VIA ECF**

The Honorable Kandis A. Westmore
United States Magistrate Judge for the Northern District of California Oakland Courthouse, Courtroom 4 – 3rd Floor,
1301 Clay Street, Oakland, CA 94612

**Re: *Somers vs. Digital Realty*, Case Nos. 3:14-cv-05180, Request for Relief**

Your Honor:

  In accordance with paragraph 16 of your Standing Order, Plaintiff requests an in-person hearing due to an untenable situation created by the opposing party in this matter. After this Court issued the Order (Dkt.184,) requiring the parties to meet and confer via telephone, defense counsel, Seyfarth Shaw, has stepped up their efforts to stall and complicate litigation even further. Plaintiff has a number important items to move forward but cannot get past the meet and confer process to either resolve issues or bring to the Court for a decision. In addition several other items are raised below. Plaintiff seeks relief at his time. Defense counsel was informed that Plaintiff would be sending a letter on this matter.

  Per the Order, the parties met and conferred on March 1. After this meeting, Defendant placed three conditions for future meet and confers.

1. Defendant Digital Realty is demanding Plaintiff agree to allocated time on meet and confers 50/50. Plaintiff believes it should be first in first out. In the past, Seyfarth has limited meet and confers to one hour. Splitting the time would leave 30 minutes, for example to resolve 27 pages of interrogatories which would then need to be solved over the course of many meet and confers.

   > **Proposed Solution:** Provided Defense counsel cooperates during the call, Plaintiff needs a 2-hour meet and confer and a subsequent 1-hour meet and confer 2 days after the initial call for follow up. This would take care of all of Plaintiff's disputes identified on the Order.

2. **Defendant is demanding Plaintiff draft a discovery letter brief in advance of the call so they are "prepared to discuss the issues."** Discovery letters are a lot of work. No Plaintiff's lawyer would agree to such a requirement which is far easier for big law firms with many associates. As well, creating the joint letter in advance sets a certain expectation that the meet and confer is a perfunctory exercise doomed to fail. Filing joint letters is a last resort. Asking the Court to be involved in every discovery issue is costly and time consuming. Only a party looking to delay matters and drive up costs would desire such involvement by the Court.

> **Proposed Solution**: Each to provide the opposing party an outline of the issues 12 hours in advance of meeting.

3. **Defendant will only attend a meet and confer it they can use their proprietary call Conference calling system.** The Plaintiff takes issue with the fact that Seyfarth's system allows them to add 'hidden' callers. There is also a lack of transparency with the recording. Since the host controls the recording it could be tampered with by the Defendant before distribution[1].

   **Solution 1:** Parties agree to use a shared online conferencing program such as UberConference which allows both parties sequel access and control over the recording.

4. **Other urgent matters being held up by inability to meet and confer**

   (a) **Motion for Sanctions -** On February 23, 2017, the parties attended a status conference before the presiding judge who remarked, in response to the status conference memo, that if Plaintiff believes there are underlying issues with the way the Defendant has conducted their discovery, he should submit this for review without delay. Plaintiff is prepared to file a motion for sanctions after meeting and conferring. This is most urgent as Plaintiff is bringing forward serious allegation of intentional misconduct during the entire discovery process which was conducted in bad faith.

   (b) **Deposition Terminated -** On February 28, 2017, Plaintiff was forced to terminate the deposition of a former employee due to conduct buy defense counsel which included numerous frivolous objections, evasive answers, coaching and what appeared to electronic "note passing" between Seyfarth and the witness. The witness must be deposed again since no real progress was made that day. The Court will have access to the video and transcript in the coming weeks.

5. **Harassment and Abuse**

In the past 48 hours alone:
(a) Plaintiff received received **31** emails from Seyfarth Shaw, all requiring a response
(b) Seyfarth twice referred to Plaintiff as ignorant and a liar.

---

[1] Defense counsel made material alterations to a joint letter using Plaintiff's signature. Seyfarth inserted 8 pages to a fully singed letter then uploaded to the ECF system. Plaintiff's discovered the fraudulent document which explained the dearth of discovery production by Defendant. Defense counsel tried to cover of their misconduct by blaming it on my attorney, Stephen Henry, handling the appeal in Ninth Circuit. A Declaration from my attorney is strongly worded is very clear that Seyfarth is not telling the truth. Other ample evidence supports Mr. Henry's position. Greater detail and a broader scope will be presented in the motion for sanctions waiting to be filed. Defendant is aware of this motion.

(c) Plaintiff is disturbed by new discovery request yesterday which states: "**admit that you suffer from paranoia.**"

**6. Discovery Referee:** Plaintiff requests a the court order the parties to engage a discovery referee with the fee split proportionally between the parties based upon a reasonable metric. Defendant will not stipulate to this request.

Plaintiff will await further guidance from the Court on how to move forward.

March 8, 2017                                                                 Sincerely,

*[signature]*

                                                        Paul Somers
                                                         Plaintiff Pro Se.