UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SOMERS,<br><br>    Plaintiff,<br><br>    v.<br><br>DIGITAL REALTY TRUST INC, et al.,<br><br>    Defendants. | Case No.  14-cv-05180-EMC   (KAW)<br><br>**ORDER REGARDING DEFENDANTS' MARCH 23, 2017 LETTER**<br><br>Re: Dkt. No. 198 |

On March 8, 2017, the Court ordered the parties to file letters "discussing **all** outstanding discovery disputes that the parties desire the Court to resolve" by March 14, 2017.  (Dkt. No. 189 at 1.)  Pursuant to this order, Defendants filed a discovery letter on March 14, 2017.  (Dkt. No. 190.)  Plaintiff did not file a letter.  On March 15, 2017, the Court issued an order addressing several of Defendants' discovery disputes, and ordering that the parties meet and confer in-person at the Oakland Courthouse on March 21, 2017.  On March 20, 2017, Plaintiff filed a letter raising other discovery issues, and asking to be relieved from the Court's in-person meet and confer requirement.  (Dkt. No. 194.)  That same day, the Court denied Plaintiff's request for relief from the in-person meet and confer requirement.  (Dkt. No. 195.)

On March 21, 2017, the parties conducted an all-day, in-person meet and confer at the Oakland Courthouse, with the assistance of the undersigned.  (Dkt. No. 196.)  In light of this meet and confer and the agreements made by the parties, the Court terminated Defendants' March 14, 2017 letter and Plaintiff's March 20, 2017 letter as moot.  (Dkt. No. 197.)

On March 23, 2017, Defendants filed a letter requesting that the Court rule on several issues raised in the March 14, 2017 letter, on the grounds that they had not "contemplated, and did not meet and confer on, all of the discovery issues submitted to [the Court] by [Defendants] on

March 14, 2017," instead meeting "only on the discovery issues with pending deadlines, as ordered." (Dkt. No. 198 at 2.)

As an initial matter, the Court notes that during the March 21, 2017 meet and confer, the undersigned expressed to the parties that they should try to resolve all disputes between the parties. During the meet and confer, Defendants did in fact raise several of the disputes listed in the March 14, 2017 letter, including production of documents related to damages and the audio recording. (*See* Dkt. Nos. 194 at 5-7; 196.) Plaintiff agreed to produce these documents by March 31, 2017. (Dkt. No. 196.) In light of Plaintiff's stated intent to produce the documents sought, the Court DENIES Defendants' request to impose evidentiary sanctions at this time.[1]

As to Defendants' third, fourth, and fifth requests for production, Defendants state that Plaintiff has failed to produce formal written objections and responses to Defendants' third and fourth requests for production, and failed to produce any documents responsive to Defendants' fifth request for production. (Dkt. No. 190 at 7.) Defendants further state that Plaintiff has not provided a timely response to Defendants' third set of interrogatories. (*Id.*)

The Court previously found that Plaintiff's failure to provide timely objections constituted a waiver of objections. (*See* Dkt. No. 159 at 2-3 (finding that Plaintiff waived his objections to Requests for Production, Set Three, based on Plaintiff's "failure to furnish timely written responses"); Dkt. No. 172 at 2 (same).) Thus, to the extent Plaintiff failed to provide timely objections, he has waived his objections and must respond to these requests for production and interrogatories in full. Accordingly, the Court ORDERS Plaintiff to produce all responsive documents and information to Defendants' third, fourth, and fifth requests for production, and Defendants' third set of interrogatories, by **March 31, 2017**. Plaintiff must also provide all documents related to his job search and mitigation of damages, as previously ordered by the Court, by **March 31, 2017**. (*See* Dkt. Nos. 110, 159.) Plaintiff may not object.[2] Failure to do so may

---

[1] The Court will be more likely to impose sanctions should Plaintiff not produce the requested documents by March 31, 2017.

[2] If Plaintiff contends he has timely objected, Plaintiff must provide a copy of his responses to these requests for production and interrogatories, which must be dated so that the Court can ensure that objections were timely provided. *See* Fed R. Civ. P. 33(b)(2) (responses to interrogatories due

United States District Court
Northern District of California

United States District Court
Northern District of California

result in sanctions for failure to cooperate in the discovery process, including monetary or evidentiary sanctions, or a recommendation of terminating sanctions, pursuant to Federal Rule of Civil Procedure 37.  *See Gordon v. Cty. of Alameda*, No. CV-06-2997-SBA, 2007 WL 1750207, at *2 (N.D. Cal. June 15, 2007) ("Federal Rule of Civil Procedure 37 provides for sanctions available for failure to make disclosures or cooperate in discovery.  Under Rule 37(b)(2)(C), if a party fails to obey an order to provide discovery, the court may dismiss the action or proceeding in whole or in part"); *In re Pryor*, 543 Fed. Appx. 685, 685 (9th Cir. 2013) (finding that the bankruptcy court did not abuse its discretion in directing entry of default based on the party's willful failure to attend a status conference, cooperate in the discovery process, and timely respond to the court's order to show cause); *Landry v. City & Cty. of SF*, No. 08-3791-SC, 2010 WL 1461592, at *5 (N.D. Cal. Apr. 9, 2010) (dismissing case where the plaintiffs repeatedly defied court orders).

IT IS SO ORDERED.

Dated: March 24, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

within 30 days of being served); Fed. R. Civ. P. 34(b)(2)(A) (responses to requests for production are due within 30 days of being served).

3