STEPHEN F. HENRY, ESQ.
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@SHenrylaw.com

UNITED STATES DISTRICT COURT

FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SOMERS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DIGITAL REALTY TRUST INC., a Maryland corporation, ELLEN JACOBS, an individual, and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No. 14-CV-05180 EMC<br><br>DECLARATION OF STEPHEN F. HENRY IN SUPPORT OF PAUL SOMERS' MOTION TO COMPEL |

I, Stephen F. Henry, declare:

1. I was attorney for Paul Somers in this action before being substituted out for the law firm of Outten & Golden. I state the following based on my personal knowledge pertaining to the time period in which I represented Mr. Somers and, if called upon, could and would testify to these facts.

2. It is my understanding that counsel for Defendants have written to Mr. Somers stating the following:

   *Defendants invited you, through your then counsel, to participate in the process of determining appropriate search terms. Your counsel refused, asking Defendants to prepare the search terms themselves, which they did using reasonable search terms based on the claims made in your Complaint.*

CASE NO. 14-CV-05180 EMC　　　　　　　　1　　　　Declaration of Stephen F. Henry In Support of
　　　　　　　　　　　　　　　　　　　　　　　　　 Plaintiff's Motion to Compel

3. Defendants' statement, if it pertains to communications between me and Defendants' counsel, does not accurately represent the truth.

4. Defendants did not invite Mr. Somers, through me, "to participate in the process of determining appropriate search terms."

5. I did not refuse "to participate in the process of determining appropriate search terms."

6. I did not ask Defendants to "prepare search terms themselves."

7. It is my understanding that Defendants' counsel has suggested that "search terms" were discussed during a phone discussion on February 19, 2015 between me and Kyle Petersen as part of the Rule 26 meet and confer process. To the contrary, "search terms" were not discussed during this phone discussion with Ms. Petersen.

8. It is my understanding that Defendants' counsel has suggested that there were "email exchanges in which we had an ongoing dialogue with Mr. Henry about the process and timeline for Defendants' collection, review, and production of ESI…[and]…Mr. Henry was well aware that Defendants were developing search terms to locate responsive and discoverable email and he did not object to that approach." None of the emails referenced by Defendants' counsel refers to "developing search terms" and Defendants' counsel's conclusion that I "was well aware that Defendants were developing search terms to locate responsive and discoverable email" is incorrect.

I declare under penalty of perjury under the laws of the United States and the State of California that the forgoing is true and correct to the best of my knowledge and recollections. Executed in Berkeley, California on November 9, 2016.

STEPHEN F. HENRY, ESQ.

By: _____