| | |
|---|---|
| 1 | SEYFARTH SHAW LLP |
| | Brian T. Ashe (SBN 139999) |
| 2 | bashe@seyfarth.com |
| | Shireen Yvette Wetmore (SBN 278501) |
| 3 | swetmore@seyfarth.com |
| | 560 Mission Street, 31st Floor |
| 4 | San Francisco, California 94105 |
| | Telephone:   (415) 397-2823 |
| 5 | Facsimile:    (415) 397-8549 |
| 6 | SEYFARTH SHAW LLP |
| | Kyle A. Petersen (ISBN 6275689) (admitted *Pro Hac Vice*) |
| 7 | kpetersen@seyfarth.com |
| | 131 South Dearborn Street, Suite 2400 |
| 8 | Chicago, Illinois 60603 |
| | Telephone:   (312) 460-5000 |
| 9 | Facsimile:    (312) 460-7000 |
| 10 | Attorneys for Defendants |
| | DIGITAL REALTY TRUST, INC. and ELLEN JACOBS |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SOMERS, an individual, | Case No. 3:14-cv-05180 EMC (KAW) |
| Plaintiff, | **DEFENDANTS' MOTION TO STRIKE DOCKET NOS. 205 AND 206 (PLAINTIFFS' "JOINT" DISCOVERY LETTERS)** |
| v. | |
| DIGITAL REALTY TRUST, INC., a Maryland corporation; ELLEN JACOBS, an individual, and DOES ONE through TEN, inclusive, | |
| Defendants. | |

COME NOW Defendants and move the Court to strike Plaintiff's untimely and procedurally improper discovery letters filed this morning as Dkt. Nos. 205 and 206.

Plaintiff seeks to get "*four* bites at the apple" with these filings. Here is the first bite: The letters filed today as Dkt. Nos. 205 and 206 were prepared in February and early March, 2017. Docket No. 206 was completed in February 2017 and Docket No. 205 in early March 2017. Despite this and without any explanation, Plaintiff never filed either letter. He sat on them until today. Events subsequent to the

creation of the letters make filing them now improper.  Indeed, had Plaintiff filed the letters when they were ripe, then he would not have needed the next two bites at the apple.

Here is the second bite:  After the letters had been prepared, the Court issued its March 8, 2017 Order (Dkt. No. 187) requiring the parties to each prepare a discovery letter outlining "**all** outstanding discovery disputes that the parties desire the Court to resolve."  (Emphasis in original.)  The issues set forth in Dkt. Nos. 205 and 206 should have been addressed by Plaintiff in his letter to the Court.  Yet, he never filed that letter.  Consequently, the Court ruled that he waived the issues.  (Dkt. No. 191, pp. 1:27-2:1.)  Despite that ruling and waiver, he filed Dkt. Nos. 205 and 206.

Here is the third bite:  Even after ruling that Plaintiff waived his discovery issues (Dkt. No. 191), the Court still invited him to meet and confer over his discovery concerns in Judge Westmore's courtroom.  (Dkt. No. 191.)  At that long meet and confer session, the parties discussed all manner of Plaintiff's discovery concerns.  Items discussed in Dkt. Nos. 205 and 206 were discussed during that meet and confer session, such as Defendant Digital's document retention policy and Digital's voicemail systems.  Despite that effort, Plaintiff filed Dkt. Nos. 205 and 206.

In addition, the submission of Dkt. Nos. 205 and 206 violates the Court's Order of March 23, 2017, which requires the parties to "contact the courtroom deputy to schedule a phone call with the undersigned to discuss any proposed joint letter."  (Dkt. No. 197.)  The filings were contrary to the Court's Order  and should be stricken for that additional reason.

Finally, Plaintiff's complaints are moot.  Much of what is discussed in Dkt. Nos. 205 and 206 was provided to Plaintiff in prior discovery responses and also in the depositions he took this week.  For example, he requests a declaration from an individual that he deposed this week.  Likewise, he spent over an hour and a half on the record with Digital's Chief Information Officer who testified extensively about the company's voicemail retention system, which is the subject of Dkt. No. 205.  He then had two additional sessions with the witness who decided that he should be terminated, both as an individual and as a 30(b)(6) deponent, and questioned her at length about the facts and documents supporting that decision.  All of that is in Dkt. No. 206.

1    Because of the three bites plaintiff has been given, his waivers of the issues in Dkt. Nos. 205 and
2    206, and the extensive live testimony he has secured, his current effort to have a fourth bite should be
3    stricken. The Court is asked to strike Docket Nos. 205 and 206.

5    DATED: April 7, 2017                                  Respectfully submitted,

6                                                         SEYFARTH SHAW LLP

9                                                         By: */s/ Brian T. Ashe*
                                                              Brian T. Ashe
10                                                            Kyle A. Petersen
                                                              Shireen Yvette Wetmore

11                                                            Attorneys for Defendants
                                                              DIGITAL REALTY TRUST, INC. and
12                                                            ELLEN JACOBS

38479907v.2