PAUL SOMERS
10 E. 29th St. Apt 42A
New York, NY
10016
(917)-868-1070
paulsomers@me.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SOMERS, Pro Se,<br><br>    Plaintiff,<br><br>v.<br><br>DIGITAL REALTY TRUST, INC., a Maryland corporation; ELLEN JACOBS, an individual, and DOES ONE through TEN, inclusive,<br><br>    Defendants. | Case No. 3:14-cv-05180 KAW<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE DKT. NOS. 205 AND 206 REGARDING PLAINTIFFS' JOINT DISCOVERY LETTERS**<br><br>Complaint filed: November 24, 2014 |

As Plaintiff, I ask the Court to ignore the biting remarks of Mr. Brian Ashe of Seyfarth Shaw.  As lead counsel he has orchestrated so much misconduct in these proceedings it may have overwhelmed the Court who has declared a pox on both our houses. As a result, this Court wishes to speed both parties out of the courtroom.  Doing so will play directly into the hands of the world's richest insurance company who will once again preserve premiums rather than pay what is owed in damages.  I am not sure how else to tell the court that defense counsel is hoping that the court will not look at the details of what has gone on during this contentious discovery process.  given what I

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE DKT. NOS. 205 AND 206 REGARDING PLAINTIFFS' JOINT DISCOVERY LETTERS**

found out last week, it's clear that the process has been corrupted to the point that I will never have a fair trial.

Last week, I received information from a former employee which once again shows that Digital and Seyfarth are still concealing the most important discovery. I learned that Digital Realty filed a lawsuit against Kris Kumar, my former manager who instigated retaliation against me resulting in my wrongful termination. Mr. Kumar was forced to resign, the law suit against him was served shortly thereafter. This information was due nearly two years ago. In Request for Production Set 1, No. 4, my attorney asked for all documents mentioning, referring to, pertaining to, or about Kris Kumar's termination by Defendant. This Court saw the importance of full disclosure of the details surrounding Mr. Kumar's departure and on July 8, 2016, Ordered, "with respect to Request for Production Set 1, No. 4, Defendants shall produce any responsive documents subject to the stipulated protective order entered in this case. The complete employee file of Kris Kumar. Defendant refused to provide this information as well.

Keeping the above in mind, the letters filed as Dkt. Nos. 205 was first prepared and submitted on January 24, 2017. It was returned for being in excess of five pages. It took some time to revise it and when I went to file it, I was unable to do so because this court instructed that no documents could be filed until March 22, 2017. I've been expected to produce many documents over the course of the last several months. I do not have a stable of lawyers at my beck and call. If the defendant was not engaged in so much misconduct it would be much easier to litigate this case and comply with all deadlines given. The two documents in question were file 7 hours or so late. I ask how that harms the Defendants. It does not harm them one bit.

3

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE DKT. NOS. 205 AND 206 REGARDING PLAINTIFFS' JOINT DISCOVERY LETTERS**

Respectfully Submitted,

April 20, 2017

                    Paul Somers

                    <u>/s/ Paul Somers</u>

                    Plaintiff, Pro Se

3

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE DKT. NOS. 205 AND 206 REGARDING PLAINTIFFS' JOINT DISCOVERY LETTERS**