UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SOMERS,<br><br>    Plaintiff,<br><br>v.<br><br>DIGITAL REALTY TRUST INC, et al.,<br><br>    Defendants. | Case No. 14-cv-05180-EMC (KAW)<br><br>**ORDER REGARDING SIXTH AND SEVENTH DISCOVERY LETTERS AND MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 205, 206, 207 |

As the presiding judge aptly observed, "[t]he parties in this case have been continually unable to resolve their many discovery disputes amongst themselves." (Dkt. No. 218 at 1.) Currently pending before the Court are Plaintiff's "Sixth" and "Seventh" discovery letters, and Defendants' motion to strike the discovery letters. (Dkt. Nos. 205-207.) For the reasons stated below, the Court DENIES the relief sought in Plaintiff's sixth and seventh discovery letters, and DENIES Defendants' motion to strike as moot.

## I. BACKGROUND

On March 8, 2017, the parties filed letters discussing a dispute over meeting and conferring regarding their discovery disputes. (Dkt. Nos. 187, 188.) In light of the Court's finding that "it has become clear . . . that the parties are incapable of meeting and conferring," the Court ordered the parties to each file a letter "discussing **all** outstanding discovery disputes that the parties desire the Court to resolve" by March 14, 2017. (Dkt. No. 189 (original emphasis).) The Court also set a discovery hearing for March 21, 2017 to address the issues raised in the required letters. (*Id.*)

On March 14, 2017, Defendants filed their letter, but Plaintiff did not. (*See* Dkt. No. 190.) Accordingly, on March 15, 2017, the Court deemed all matters not raised in the required letters to

be waived, and vacated the March 21, 2017 discovery hearing. (Dkt. No. 191 at 1-2.) In place of the discovery hearing, the Court ordered the parties to attend an in-person meet and confer at the Oakland Courthouse. (*Id.* at 2.) On March 20, 2017, Plaintiff filed a letter raising other discovery issues, and asking to be relieved from the in-person meet and confer requirement. (Dkt. No. 194.) That same day, the Court denied Plaintiff's request for relief from the in-person meet and confer requirement. (Dkt. No. 195.)

On March 21, 2017, the parties conducted their in-person meet and confer, which lasted over four hours and was supervised by the undersigned. (Dkt. No. 196.) The parties agreed to certain deposition deadlines, and Plaintiff agreed to produce past-due discovery responses by March 31, 2017. (*Id.*)

On March 28, 2017, Plaintiff filed a motion for relief from the Court's March 15, 2017 order, arguing that the Court had erred in finding that Plaintiff had waived any outstanding discovery disputes not raised in the letters that were due on March 14, 2017. (Dkt. Nos. 200, 201.)[1] On April 25, 2017, the presiding judge denied Plaintiff's motion for relief, finding that Plaintiff had failed to submit the required letter by the deadline set by the undersigned, and that "[n]o law requires [the undersigned] to provide additional accommodation to a party who had failed to comply with the terms of her order." (Dkt. No. 218.)

On April 7, 2017, Plaintiff filed the sixth and seventh discovery letters regarding Defendants' interrogatories and electronically stored information. (Dkt. Nos. 205, 206.) That same day, Defendants filed a motion to strike the discovery letters, arguing that Plaintiff had waived the discovery issues per the Court's March 15, 2017 order, and that many of the issues raised were moot in light of the depositions taken since the letters were prepared in February and early March 2017. (Dkt. No. 207.) On April 21, 2017, Plaintiff filed a response to Defendants' motion to strike. (Dkt. No. 215.) On April 26, 2017, Defendant filed their reply. (Dkt. No. 219.)

---

[1] Plaintiff filed two versions of his motion for relief from a non-dispositive order, which the presiding judge found to be "substantially identical." (Dkt. No. 218 at 1 n.1.)

2

## II. DISCUSSION

Plaintiff's sixth discovery letter concerns Defendants' responses to special interrogatories that were propounded on May 22, 2015. (Dkt. No. 206.) The Court finds that Plaintiff has waived these discovery disputes. First, on April 14, 2016, the Court held a telephonic discovery conference with the parties, after which the Court required that the "[j]oint letter re: remaining disputes to be filed by May 18, 2016." (Dkt. No. 99.) Plaintiff did not, however, raise any issues regarding the special interrogatories in the June 11, 2016[2] joint letter; instead, Plaintiff focused solely on requests for production. (*See* Dkt. No. 107 at 8-17.) Because Plaintiff failed to raise the special interrogatories in the June 11, 2016 joint letter, Plaintiff waived these disputes. Second, even if Plaintiff had not waived these issues after failing to raise it in the June 11, 2016 letter, Plaintiff waived these disputes when he failed to submit a letter on March 14, 2017, contrary to the Court's March 8, 2017 order requiring that the parties submit letters "discussing **all** outstanding discovery disputes that the parties desire the Court to resolve." (Dkt. No. 189 at 1.) The Court deemed Plaintiff's failure to submit the letter a waiver of his outstanding discovery disputes, and the presiding judge affirmed the Court's order on April 25, 2017. (Dkt. Nos. 191, 218.) Because Plaintiff has waived his disputes over the May 22, 2015 special interrogatories, the Court DENIES Plaintiff's request that the Court require Defendants to respond to these interrogatories.

Plaintiff's seventh discovery letter concerns a voicemail that Plaintiff requested from Defendants on October 29, 2016. (Dkt. No. 205 at 2.) As with Plaintiff's sixth discovery letter, the Court finds that Plaintiff also waived this discovery dispute when he failed to submit a letter on March 14, 2017. (*See* Dkt. No. 191.) Furthermore, Defendants have stated that the voicemail was deleted "[w]eeks before Plaintiff's termination and months before any preservation duty arose . . . ." (Dkt. No. 205 at 3.) Plaintiff, in turn, suggests that Defendants do in fact have the voicemail and are simply failing to produce it. (*Id.* at 2-3.) Plaintiff does not, however, provide any evidence that Defendants have the voicemail.[3] Defendants cannot be compelled to produce a

---

[2] The Court extended the deadline for the joint letter. (Dkt. Nos. 102, 106.)
[3] Plaintiff appears to suggest that records retention periods are mandated by state or regulation, pointing to the three-year period for documents connected with registered public offerings. (Dkt. No. 205 at 3.) Plaintiff does not explain how the voicemail at issue is related to registered public

3

voicemail that they no longer have. Thus, even if Plaintiff had not waived the issue -- which he has -- Plaintiff would still not be entitled to production of the voicemail. Plaintiff is also not entitled to sanctions, as Plaintiff has not shown that Defendants were on notice at the time the voicemail was destroyed that it was potentially relevant to a lawsuit, particularly where the voicemail was deleted prior to Plaintiff's termination and before there was any apparent threat of litigation. *See Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991) ("A party should only be penalized for destroying documents if it was wrong to do so, and that requires, at a minimum, some notice that the documents are potentially relevant"); *Sanchez v. Wal-Mart Stores, Inc.*, No. 2:06-CV-2573 JAM KJM, 2008 WL 3272101, at *5 (E.D. Cal. Aug. 6, 2008) (declining to issue sanctions where there was no evidence that the documents were destroyed when the plaintiff "was on notice that they had potential relevance to this litigation"). Accordingly, the Court DENIES Plaintiff's requests that Defendants be required to turn over the voicemail, that Defendants issue an affidavit or declaration describing the search process, or the issuance of sanctions for the destruction of the voicemail.

Because the Court denies the relief sought by Plaintiff in the joint discovery letters, the Court DENIES Defendants' motion to strike the letters as moot.

### III. CONCLUSION

For the reasons stated above, the Court DENIES the relief sought by Plaintiff in the sixth and seventh discovery letters, and DENIES Defendants' motion to strike as moot.

IT IS SO ORDERED.

Dated: May 2, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

offerings, and what statutorily mandated records retention periods it would be subject to.

4