May 22, 2017

Judge Kandis A. Westmore
United States District Court for the Northern District of California
1301 Clay Street
Oakland, CA  9461

VIA ECF

**Re:   3:14-cv-05180 Somers v. Digital Realty Trust, Inc. - Letter Requesting Review of Courts Order (Dkt.221) Due to Defendant's Erroneous and Improper Statements.**

Dear Judge Westmore:

This Court issued an Order on May 2, 2017 (Dkt. 221) denying two Joint Discovery Letter Briefs submitted by Plaintiff Somers and *signed* by Defendant Digital (Dkt 205 & 206). This needs a closer look because the reasoning for the denial appears to have been based upon false representations by defense counsel.   The Court and the Defendant agreed at the meeting on March 21, 2017 that the two joint briefs were to be uploaded to for review. There were no delays by Plaintiff as explained below but by Defendant as evidenced but he attached exhibits.

**Defense Counsel's Sideshow**

In his ex parte letters on April 7, 2017 and April 26, 2017, Mr. Ashe (Dkt. 207 & 219) creates another sideshow, a diversion to confuse the parties about what was agreed upon at the courthouse meet and confer on March 21, 2017.  At that meet and confer, we discussed Joint Letter Six which dealt with Defendant's beyond evasive answers to interrogatories.  As a

reminder, Digital failed to respond to those interrogatories on time and as a result waived all objections.   We also covered Joint Letter Seven concerning a voicemail file Plaintiff requested in September of 2016.  Defendants shifting reasons for not producing the file lead plaintiff to believe there is more to discover.  Despite what Digital Realty is representing, voicemails do not get deleted in a day or two.  The Plaintiff requested further details to investigate the matter with employees by way  of a discovery device.

**Seyfarth Caused Delay and Never Finished Joint Letter Six.**

In late February  and early March, both parties  worked on the two Joint Letters.  The defendants return their version of Joint Letter Six on February 24, 2017. <u>Despite what Ms Wetmore ad Mr. Ashe would have you believe, it was Seyfarth, not Plaintiff,  who held up filing of of the Joint Letters. For joint letter Six , *defendant is unable to provide a verification for the interrogatories*</u>.   Understandably, no one at Digital Realty is willing to sign off on it.

Joint letter seven was returned to Plaintiff from Defendants on <u>March 7, 2017.</u>  It was to be filed  the next day when on March 8, 2017, you instructed, "The parties are not to file any motions or joint letters in the meantime."

### <u>Accurate Timeline not False Information Aimed at Preventing Hiding Evidence</u>

**1/24/2017**
Plaintiff files Joint Letter Six regarding Defendants evasive answers to interrogatories (27 pages) (Dkt. 177)

**2/3/2017**
The Court terminates Joint Letter Six because it is "too long", orders it to be 5 pages. (Dkt. 179)

**2/24/2017**
Plaintiff removes 80% of the evasive interrogatory responses to get to six pages.  (It unclear what will become of the rest of the interrogatories which Defendant refused to

answer properly.) Defendants return comments on Joint Letter Six to Plaintiff.  Plaintiff requests new verification from Digital Realty since Ms. Jacobs is no longer an employee:

**3/6/2017**
Plaintiff provides Digital Realty Joint Letter Seven. Defendants state that they are entitled to FIVE  business days to review.

**3/7/2017**
 Defendants return Joint letter Brief Seven to Plaintiff

**3/8/2017**
Plaintiff  requested hearing to discuss motion for sanctions and deadlock on meet and confers.

Judge Westmore notices hearing for March 21, 2017.

Defendant files ex parte letter  (Dkt. 188)

Judge converts hearing to meet and confer. (Dkt. 189)

**3/21/2017 - Meet & Confer**

a. Judge Westmore was both present at the table and in her Chambers participating telephonically.

b. The parties were preparing to discuss the PMK deposition when Judge Westmore reminded the parties of the interrogatories.

c. Miss Wetmore and Mr. Ashe began attacking Plaintiff with false statements, deriding him as pro se. For sitting on the interrogatories for months and never filing them.  All false as evidenced (Exhibits A)(ExhibitB)

d. This is what actually occurred:

- We finalized the revised interrogatory Letter Brief  Six on 2/24/2017 and both signed but verification is missing. No one at Digital would sign it. Defendants still have not provided a complete response.

- The ESI letter came back to Plaintiff on 3/7/2017.  I was prepared to submit it the next day  but the Court ordered a hold on motions or joint letter briefs.
- At he meet and confer on March 21, 2017, Plaintiff remarked that he had reduced the interrogatory letter brief from 27 to 6 pages.  Judge Westmore indicated "that's my kind of letter."

- Judge Westmore asked if defense counsel had any concerns about the interrogatories being submitted and Mr Ashe stated as long as they haven't been changed by all means, **let's get them submitted.**

- All parties agreed that **Joint Letters Six and Seven** would be submitted and the parties turned to PMK discussions.

-

**4/7/2017**
After waiting for a signed verification from Defendant, Seyfarth offered Mr. Ashe to verify the revised statements which they know is not permitted. Plaintiff uploaded the Joint Letters but without verification this item is incomplete.  In any case,  Defendants waived objections on the interrogatories several year ago.

**4/7/2017**
Seyfarth responds immediately with (Dkt. 207), with an undignified ex parte communication.

**04/26/2017**
Mr Ashe files false information about Plaintiff "filing documents without consent" which is false and filed in the public domain. Plaintiff requests Mr Ashe remove this document immediately. Plaintiff asks the Court to take notice of Mr. Ashe's statements as an officer of the court.

**5/2/2017**
The Court then issues an Order based <u>*not on the agreement made on 3/21/2017*</u>  but on the false statements issued in the ex parte letters (Dkt. 207 & 219) by Defendant.

Plaintiff is unclear as to why this is acceptable especially given Plaintiff's pro se status.

4

Defendants[1], have a combined enterprise value or more the $100 *billion* dollars.  They are using their unlimited resources to block Plaintiff from accessing nearly all discovery requested since the outset of litigation. Defendant's has been quietly undermining Plaintiff's credibility with the Court to the extent that each time he makes an appearance with this Court, the Court reprimands or reminds him of the importance of being civil.  The Plaintiff has never been anything but civil in his meetings and phone calls with Defendant.  I ask the Defendants to substantiate their ongoing attack with evidence.

Finall, I urge the Court to reconsider its Order which further rewards the Defendant's deceptive tactics which have once again multiplied the time and resources involved for all parties and prejudiced his case further.  Plaintiff asks that in all fairness and as we seek the truth in this discovery process, cutting off sources of discovery at every turn will not result in a fair trial.  It is especially hard to swallow given the Court's Order is based upon false information by Defendant.  Plaintiff requests this situation be corrected  to allow for the Court's review of the interrogatories (which were first filed in January 2017) and to allow Plaintiff to obtain sworn statements from two individuals from Digital's IT department, including the manager of IT in Singapore pertaining to Digital's Shoretel phone system, records retention and/or its voicemail system.

---

[1] Combined with the defendants insurer Chubb/ACE = $75 billion, Digital Realty $28 billion

Respectfully submitted,

May 22, 2017

Paul Somers<br>
Plaintiff Pro Se