UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SOMERS,<br>   Plaintiff,<br>  v.<br>DIGITAL REALTY TRUST INC, et al.,<br>   Defendants. | Case No. 14-cv-05180-EMC (KAW)<br><br>**ORDER REGARDING MAY 2017 DISCOVERY FILINGS**<br><br>Re: Dkt. Nos. 222, 226, 227, 228, 229, 233, 234, 235, 236 |

The discovery cut off in this case was April 6, 2017. (Dkt. No. 183.) Pursuant to Civil Local Rule 37-3, "no motion to compel discovery may be filed more than 7 days after the discovery cut-off." Further, on April 14, 2017, following an April 11, 2017 discovery hearing, the Court set a schedule for the parties to address all remaining disputes: Defendants were to file a letter addressing all their remaining discovery disputes by April 21, 2017, Plaintiff was to file a response and identify all his remaining discovery disputes by April 28, 2017, and Defendants were to file a reply by May 5, 2017. (Dkt. No. 212 at 1.) The April 14, 2017 order clearly stated: "**All disputes** not raised in these letters will be deemed waived; the letters **must** encompass all remaining disputes that the parties desire the Court to resolve." (*Id.* at 1-2 (original emphasis).)

Despite Civil Local Rule 37-3 and the Court's April 14, 2017 order, the parties have filed numerous unpermitted discovery filings in the last month, which the Court addresses below.

## I. DISCUSSION

**A. May 3, 2017 Discovery Letter (Dkt. Nos. 222, 226)**

On May 3, 2017, Plaintiff filed a discovery letter titled: "Paul Somers v. Digital Realty Trust & Ellen Jacobs - **Important Discovery Being Withheld by Defendant**." (Dkt. No. 222.) The letter asserted that on April 20, 2017, Plaintiff had learned from "a former high level SVP"

that Defendant Digital Realty had filed a lawsuit against Mr. Kumar after Mr. Kumar was forced to resign. (*Id.* at 1.) On May 10, 2017, Defendants requested that Plaintiff's May 3, 2017 letter be stricken as untimely. (Dkt. No. 226.)

The Court GRANTS Defendants' request and STRIKES Plaintiff's May 3, 2017 letter as untimely. Plaintiff states that he learned of the lawsuit on April 20, 2017. Thus, if Plaintiff wanted discovery on this matter, Plaintiff should have raised the dispute in his April 28, 2017 response, as required by the Court's April 14, 2017 order. The Court will therefore only consider this matter to the extent it was raised in Plaintiff's April 28, 2017 filing; if the matter was not raised, it is waived.

### B. May 11, 2017 Request for Hearing (Dkt. No. 227)

On May 11, 2017, Plaintiff filed a request for hearing, and "request[ed] that no further actions or orders be given until after this hearing occurs." (Dkt. No. 227.) The Court DENIES Plaintiff's request for a hearing. If the Court deems a hearing necessary to resolve the discovery matters raised in the parties' filings made pursuant to the April 14, 2017 order, it will set one.

### C. May 16, 2017 Filing (Dkt. No. 228)

On May 16, 2017, Plaintiff filed what appears to be a sur-reply to Defendants' May 5, 2017 reply. (Dkt. No. 228 ("Attached is my line by line review of the Defendants [sic] May 5, 2017, [sic] letter").) The Court's April 28, 2017 order did not permit the filing of a sur-reply, nor did Plaintiff seek leave to file a sur-reply. The Court therefore STRIKES Plaintiff's May 16, 2017 filing. Should the May 16, 2017 letter request any relief, such relief is DENIED as untimely.

### D. May 18, 2017 Filing (Dkt. No. 229)

On May 18, 2017, Defendants filed an ex parte administrative motion to remove Plaintiff's May 16, 2017 filing or, in the alternative, to seal Exhibits C, E, F, O, and T. (Dkt. No. 229.) On May 19, 2017, Plaintiff filed a response, stating that he would remove Exhibit T but opposing the remainder of the request to seal. (Dkt. No. 230.)

The Court DENIES the request to seal Exhibit C. Defendants appear to assert attorney-client privilege. (Petersen Decl., Dkt. No. 229-1, Exh. 1.) While the original e-mail introduces Attorney Pedersen, the e-mail chain itself does not appear to include Attorney Pederson as a

recipient or sender of any of the e-mails. Thus, it is not clear attorney-client privilege applies. This denial is without prejudice to a showing that Attorney Pedersen was on this e-mail chain.

With respect to Exhibits E and F, Defendants are directed to identify the specific documents in each exhibit which they assert are privileged. Defendants must also satisfy the requirements of Civil Local Rule 79-5(d) and file a declaration establishing that the documents sought to be filed under seal are sealable; "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Defendants' filing is due by **June 9, 2017**.

The Court DENIES the request to seal Exhibit O, which is an excerpt of Defendant Jacobs's deposition. Defendants do not identify any privilege that applies to permit the sealing of the entire excerpt.

The Court DENIES the request to seal Exhibit T as moot, as Plaintiff has already agreed to remove this exhibit.

### E. May 22, 2017 Filing (Dkt. Nos. 233, 234)

On May 22, 2017, Plaintiff filed a letter requesting review of the Court's May 2, 2017 order, in which the Court denied Plaintiff's "Sixth" and "Seventh" discovery letters. (Dkt. No. 233.) Plaintiff argues that the Court and Defendants agreed at the March 21, 2017 meet and confer to allow the letters to be uploaded for review. (*Id.* at 1, 3-4.) On May 25, 2017, Defendants filed a request that Plaintiff's May 22, 2017 filing be stricken as untimely.

The Court DENIES Plaintiff's request for review, and DENIES Defendants' request to strike as moot. First, to the extent Plaintiff is asking that the Court reconsider its May 2, 2017 order, Plaintiff has not requested leave to file his request, as required by Civil Local Rule 7-9(a). Second, while the Court and Defendants agreed to allow the letters to be uploaded for review, this does not prevent the Court from determining that the matters raised were waived as untimely, particularly with respect to the "Sixth" discovery letter that concerned disputes over May 22, **2015** interrogatories. (Dkt. No. 221 at 3 (explaining matter was waived because Plaintiff failed to raise the special interrogatories in the June 11, 2016 joint letter or submit a letter on March 14, 2017, as required by the Court's orders).) Third, the Court did address the "Seventh" discovery letter on the

3

merits. (*See id.* at 3-4 (concluding that there was no evidence Defendants possessed the voicemail Plaintiff was seeking, and that "Defendant cannot be compelled to produce a voicemail that they no longer have").) The Court will **not** reconsider its May 2, 2017 order.

### F. May 25, 2017 Filing (Dkt. Nos. 235, 236)

On May 25, 2017, Plaintiff enclosed an improper ex parte communication with the Court with the courtesy copies of other documents, which again requested that the Court not "order anything else without a hearing." (Dkt. No. 235.) The following day, Defendants filed a request to strike Plaintiff's request. (Dkt. No. 236). The Court DENIES the May 25, 2017 request for a hearing, and DENIES Defendants' May 26, 2017 request to strike as moot.

## II. CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' May 10, 2017 request to STRIKE Plaintiff's May 3, 2017 letter, DENIES Plaintiff's May 11, 2017 request for a hearing, STRIKES Plaintiff's May 16, 2017 filing, DENIES IN PART Defendants' May 18, 2017 ex parte application, DENIES Plaintiff's May 22, 2017 request for review, DENIES AS MOOT Defendants' May 25, 2017 request to strike, DENIES Plaintiff's May 25, 2017 request for a hearing, and DENIES AS MOOT Defendants' May 26, 2017 request to strike.

Again, discovery has closed in this case. The only pending discovery matter before this Court are those permitted by the Court's April 14, 2017 order. Despite this, the parties have collectively filed the above-addressed nine various requests for relief in the last month. The parties are **not** to file any further discovery-related letters or requests. The parties are forewarned that any further unpermitted filings may result in the Court imposing sanctions sua sponte for wasting judicial resources.

IT IS SO ORDERED.

Dated: May 31, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge