UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SOMERS,<br><br>    Plaintiff,<br><br>v.<br><br>DIGITAL REALTY TRUST INC, et al.,<br><br>    Defendants. | Case No. 14-cv-05180-EMC (KAW)<br><br>**ORDER GRANTING MOTION FOR PROTECTIVE ORDER**<br><br>Re: Dkt. No. 242 |

On June 26, 2017, Defendants Digital Realty Trust, Inc. and Ellen Jacobs filed a motion for a protective order against Plaintiff Paul Somers. (Defs.' Mot., Dkt. No. 242.) Specifically, Defendants request that Plaintiff be ordered to abstain from: (1) further contact with Ms. Sarah Schubert -- Defendants' former human resources consultant and a defense witness -- in connection with the instant case except through formal judicial process; (2) threatening any disclosed witness; and/or (3) otherwise engaging in intimidating or abusive communications with such individuals. (Defs.' Mot., Dkt. No. 242.)

Defendants' motion is based on Plaintiff's June 13, 2017 e-mail to Ms. Schubert, in which Plaintiff writes:

> Hello Sarah,
>
> Your focus on guilt is understandable. You are responsible for a great amount of damage to many people's lives because of what you did to me in 2014. I lost my father a year ago to suicide in part because my money has been going to lawyers to fight off Digital Realty. My mother is now gravely ill and I cannot afford to give her the care she deserves. It's your fault, Sarah Schubert. You had a duty to be honest and you failed. You failed as a human being, a professional and you failed as my friend. I often wonder what could have possessed you to do what you did.
>
> Your Critical Events memo is false, mean-spirited and destructive.

> It will be front and center to litigation in Singapore. Ellen Jacobs testified under oath that you are the author. You essentially hit all the defamation high notes. Why did you write those false statements? Did you want to get even with the universe because you can't give birth? Is your marriage still so miserable you wished to spread it around your sadness [sic]? Had you done your job and told the truth, you could have ended the retaliatory firing which has cost upwards of $6 million so far and now awaiting the Supreme Court which required another set of lawyers.
>
> I now have sufficient evidence to prove you willfully defamed me resulting in losses in the millions of dollars and much worse than money, you are causing a great deal of pain and suffering.
>
> Things will only get better when you are honest about your guilt and try to repair what it is you damaged so carelessly.
>
> Paul Somers

(Schubert Decl., Exh. A, Dkt. No. 242-1.) Ms. Schubert has also submitted a declaration stating that she wants Plaintiff to stop contacting her. (Schubert Decl. ¶ 4.)

On June 30, 2017, the presiding judge "lift[ed] the stay for the limited purpose of allowing the parties to adjudicate the instant motion," and referred the motion to the undersigned. (Dkt. No. 244.) Plaintiff's opposition was due on July 11, 2017, but Plaintiff did not file an opposition. The Court deems Defendants' motion for a protective order suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Having considered the papers filed by Defendants and the relevant legal authority, the Court GRANTS the motion for a protective order.

As an initial matter, Defendants' motion is granted as unopposed, as Plaintiff failed to file an opposition. (*See* Westmore Standing Ord. ¶ 22 ("[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion *shall* constitute consent to the granting of the motion") (emphasis added).)

Moreover, the Court finds that a protective order is necessary based on Plaintiff's actions. Plaintiff's e-mail to Ms. Schubert is unacceptable; as Ms. Schubert aptly describes, Plaintiff's e-mail is "threatening, highly offensive, and very unwelcome." (Schubert Decl. ¶ 4.) A court has inherent powers to sanction a party if it "act[s] in bad faith, vexatiously, wantonly, or for oppressive reasons, as well as for willful abuse of the judicial processes." *Gomez v. Vernon*, 255 F.3d 1118, 1133-34 (9th Cir. 2001) (internal quotation omitted); *see also Wharton v. Calderon*, 127 F.3d 1201, 1207 (9th Cir. 1997) (acknowledging power of the court to issue protective orders

as a sanction "or as necessary to control the courtroom or proceedings pending before the court"). Here, Plaintiff has attempted to intimidate a defense witness, threatening Ms. Schubert with defamation claims "resulting in losses in the millions of dollars" and suggesting that "[t]hings will only get better when you are honest about your guilt . . . ." (Schubert Decl., Exh. A at 2.) Plaintiff has also attacked Ms. Schubert personally, attributing her witness statements to her family situation. The Court will not tolerate such behavior, which is comparable to that in *Teledyne Technologies, Inc. v. Shekar*, No. 15-cv-1392, 2015 WL 5438648 (N.D. Ill. June 17, 2015). There, the district court issued a protective order after the defendant sent a letter to a third-party witness, which was addressed not to the witness but the Chief of Police, accusing the witness of perjury and accepting bribes to lie to the court, and insulting the witness as a "felon," "dirty old salesman," and "crazy 82-year old jerk." *Id.* at *1. The Court acknowledges that *Teledyne* is distinguishable in that the defendant there had threatened other witnesses with criminal prosecution, whereas here this appears to be Plaintiff's first direct attack on a third-party witness.[1] The Court has concerns, however, based on Plaintiff's failure to comply with past orders and the content of the communications at issue, that Plaintiff will not be deterred from engaging in future intimidation of witnesses should the Court issue a warning instead of a protective order. (*See* Dkt. No. 110 at 3 (July 8, 2016 order requiring that Plaintiff "not contact Defendants directly"); Ashe Decl., Exh. C (September 28, 2016 letter from Plaintiff to Defendant Digital Realty Trust's general counsel), Dkt. No. 242-2.)

Accordingly, the Court GRANTS Defendants' motion for a protective order. Plaintiff shall not contact Ms. Schubert in connection with any matter relating to this case except through formal judicial process. Plaintiff is also directed not to threaten any disclosed witnesses, and/or otherwise engage in intimidating or abusive communications with such individuals. This order does not

---

[1] The Court notes that Plaintiff has repeatedly attacked defense counsel, accusing them of "making up tall tales," "obstructing justice," being "experts in ruining careers of plaintiffs who file claims against former employers," being "actively involved in the cover up" of a lawsuit, engaging in "false attacks," engaging in "defamation" and "repeat[ing] the same lies over and over," "forg[ing] several documents," and "telling outright lies to the Court." (Dkt. No. 237 at 1, 4, 6, 7, 10, 11, 14, 15.) Plaintiff also implicitly seemed to threaten Mr. Sam Lee with defamation claims. (*Id.* at 16 ("This is a lie Mr. Ashe has created from a disgruntled employee, Sam Lee, who wanted my job. Mr. Lee will be facing a Singapore Court against defamation claims").)

prevent Plaintiff from reaching out to those disclosed witnesses as part of the judicial process, so long as Plaintiff is civil and refrains from personal attacks and threats.

IT IS SO ORDERED.

Dated: July 13, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge