Paul Somers
185 Channel St. #114
San Francisco, CA 94158
Telephone: (917) 868-1070
paulsomers@me.com
Pro Se

UNITED STATES DISTRICT COURT

FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SOMERS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DIGITAL REALTY TRUST INC., a Maryland corporation, ELLEN JACOBS, an individual, and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No. 14-CV-05180 EMC<br><br>**DECLARATION OF PAUL SOMERS REGARDING MOTION FOR SPECIAL RELIEF FROM STAY TO HEAR PLAINTIFF'S MOTION FOR RELIEF OF NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

I, Paul Somers, declare:

1. I am Plaintiff in the above entitled action and state the following from my personal knowledge. If called to testify to the facts set forth below, I could competently testify to them.

2. Attached as exhibit A is a true and correct copy of my expenses incurred in conjunction with my employment at Digital Realty Trust.

3. Plan to definitively say that protective order which commenced on July 8, 2016, has hampered plaintiff's ability to return to suitable employment.

4. Attached is Exhibit B specific pages from New Voice Asia's website from the month of July 2017 indicating various aspects of Mr. Schubert's guilt

I declare under penalty of perjury under the laws of the United States and the laws of California that the foregoing is true and correct to the best of my knowledge.

Executed in San Francisco, California on August 2, 2017

By: /s/ Paul Somers
PAUL SOMERS

Plaintiff's Declaration

# EXHIBIT A

FROM THE DESK OF **PAUL SOMERS**

Mr. Josh Mills
General Counsel
Digital Realty Trust
4 Embarcadero Center Suite 3200
San Francisco, CA 94111

September 28, 2016                                                              Via Certified US Mail
                                                                                & Facsimile

Mr. Mills,

Enclosed are five statements which provide justification for the reimbursement of outstanding expenses owed to me by Digital Realty.  The expenses have been incurred as a direct result of my employment with Digital Realty.  Digital's unfortunate decision to end my employment did not absolve the company of its legal obligation to reimburse me for unavoidable costs.  Over the past several years, I have been forced to pay out large sums of money on behalf of Digital Realty who has ignored the California Labor Code § 2802.

Reimbursable expenses and legal fees associated with this exercise are not covered by your EPL policy with Chubb.  Involving Seyfarth Shaw and Chubb in your decsion will likely lead to more problems for your defense down the road. If you do make the decision not to reimburse it will likely become a front and center issue for the Court who has ruled on this matter before.

The Labor Code language is clear that Digital must indemnify me for employment expenses.  It goes even further and requires Digital to reimburse me in a timely manner, **whether I have requested reimbursement or not.**

Digital has an obligation to abide by these rules, notwithstanding the current lawsuit. I have yet to be contacted by Digital in an attempt to reimburse me for any expenses. My efforts to resolve all matters are met with refusal every single turn by Seyfarth Shaw.

More specifically, California Labor Code Section 2802, states that an employer must indemnify and reimburse employees (and former employees) for "all necessary expenditures or losses incurred in direct consequence of the discharge of duties, or in the obedience to the directions of the employer." Meaning that an employer must reimburse an employee for all monies that they spend or lose, directly related to performing their duties or following employer directions. In fact, the Honorable Judge Edward M. Chen, who is presiding over our dispute in the Federal District Court for Northern California, ruled that ***employers* are legally obligated to reimburse *employees* for expenses even if the employees do not request reimbursement.** In Judge Chen's ruling in STUART v. RADIOSHACK CORP  641 F. Supp. 2d 901 No **902** (N.D. Cal. 2009) California Labor Code § 2802 provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." Judge Chen was asked to consider whether an employee must first make a request for reimbursement with his or her employer before the employer's duty to indemnify the costs are triggered. Judge Chen decided that a fair interpretation of § 2802 focuses on whether the employer either knows or has reason to know that the employee has incurred expenses. See SHRM article attached.

Digital Realty knows and has known of the various costs I was forced to pay or incur on its behalf over the past 30 months. Digital's decision to relocate me to Singapore, starting in November 2011, meant that there would many reimbursed

costs, as detailed in your International Assignment Policy, T&E policy and in various letters provided to me over the years.   I also have a verbal agreement recorded of Digital Realty's Sarah Schubert, on April 9, 2016, when she obligated Digital Realty for the liability of the Tenant Agreement for my former Singapore housing.   Digital remains responsible for reimbursing me this cost.

According to § 2802 Digital is also responsible for legal fees I have incurred or will incur as a result of collecting my overdue reimbursements.  Each item also includes statutory interest calculated at a rate of 10%.

Enclosed are five statements detailing the reimbursements due. Interest has been calculated through October 15, 2016 which is also the due date for the reimbursements.

1. Transportation and movement of household goods.
2. Various fees incurred as over the years as a result of the illegal termination.
3. Per Diem incurred while I was unable to permanently leave Singapore due to tax clearance.
4. Tenant Agreement costs related to the default judgement for 63 Cairnhill Circle.
5.  Monthly maintenance required for 63 Cairnhill Circle.

I trust your view of what was done to me and my career has evolved and we can avoid the same retaliation Digital engaged in two years ago when I last submitted for reimbursement of expenses.  If you recall, in September 2014, Digital Realty relied on its unlawful T&E policy in an attempt to avoid reimbursing me $4,100 in business expenses.  When I pointed you to the labor code, Digital

then informed me that my reimbursement would paid but used to offset the deposit on the Tenant Agreement.  Your position was abandoned later when I contacted you directly to resolve the matter.  I finally received my funds more than 90 days after submitting them for reimbursement.  Given Judge Chen's familiarity on this matter, Digital may now choose to cooperate and reimburse me for expenses incurred to avoid justifying why such a large and well-capitalized company has failed to comply with the laws to date.

You are requested to fund the reimbursements no later than October 15, 2016. If funds are not received by this date or an alternate arrangement reached, the matter will be provided to the Court to decide.  As always I am open to discuss this


Sincerely,

*[signature]*
Paul Somers



A PDF of this document and Receipts can be found at  http://tinyurl.com/znvf2g2



Sign In | U.S. - EN | HR Help | SHRM Store



**HR TODAY**     **RESOURCES & TOOLS**     **LEARNING & CAREER**     **EVENTS**     **COMMUNITIES**

ENTIRE SITE

HR Q&AS

# Expense Reimbursements: In the state of California, are reimbursements for business-related expenses due immediately at the time of termination?

Jan 19, 2016

LIKE   SAVE   PRINT        REUSE PERMISSIONS

Pursuant to California Labor Code 2802, employers are required to reimburse their employees for all necessary expenditures employees incur in direct consequence of the discharge of their duties.

However, unlike the rules surrounding the payment of final wages, which must be paid immediately if an employee is terminated or within 72 hours if the employee fails to give notice, reimbursable expenses that otherwise would not have been paid out on or before an employee's final day of employment need not be included in the final paycheck.

It is important to keep in mind that while employers are legally allowed to pay reimbursable expenses on their regularly scheduled date, terminated employees have a nonforfeitable right to be reimbursed for those expenses and payments, and reimbursement must be made no later than the date such expenses would otherwise normally be paid. This holds true even if an employee failed to submit an expense report in accordance with company policy. According to a U.S. District Court for the Northern District of California (Stuart v. Radioshack Corporation), even if an employee does not submit an expense report in accordance with company policy, an employer must nonetheless reimburse the employee. Moreover, the court ruled that if the employer knows or has reason to know that an expense was incurred, the employer is obligated to reimburse work-related expenses even if an employee doesn't make a formal request to be reimbursed.

**Express Requests**

The HR Knowledge Center has gathered resources on current topics in HR Management. Click here to view and request information.

ADVERTISEMENT

**MOST POPULAR**

State Ballot Initiatives May Impact the Workplace

Employers Undervalue What Keeps Employees Onboard

Multiple States and Business Groups Challenge Overtime Rule

**SHRM CONNECT**



Join SHRM's exclusive peer-to-peer social network



**Reimbursement Statement #1**  **Transportation to USA & Moving of Household**  9/28/2016

| Item | Paid Amount (USD) | Date of Purchase | Number of days* | Total Interest @10% | Total Amount (USD) | Vendor |
|---|---|---|---|---|---|---|
| Transportation to USA | $3,012 | 08/11/2014 | 796 | 656 | 3,668 | Qatar Airways |
| Storage | $450 | 11/19/2015 | 331 | 41 | 491 | Trusted Moving Services |
| Storage | $450 | 12/15/2015 | 305 | 38 | 488 | Trusted Moving Services |
| Storage | $450 | 1/15/16 | 274 | 34 | 484 | Trusted Moving Services |
| Storage | $225 | 02/12/2016 | 246 | 16.88 | 242 | Trusted Moving Services |
| Movers Singapore | $7,770 | 01/26/2016 | 263 | 559 | 8,329 | Astro Worldwide |
| Movers USA | $489 | 04/11/2016 | 187 | 25 | 514 | Rose Transportation |
| **Total of Reimbursement** | **$12,846** | | | **$1,370** | **$14,216** | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Reimbursement Statement #2 | | | Miscellaneous Fees | | | 9/28/2016 |

*The

| Item | Paid Amount (USD) | Date of Purchase | Number of days* | Total Interest @10% | Total Amount (USD) | Vendor |
|---|---|---|---|---|---|---|
| Personalized Employment Pass*(temp visa expired May 13, 2014) | $154 | 5/5/2014 | 894 | 40 | 194 | Ministry of Manpower |
| Dry Cleaning of Upholstery after Shipping | $525 | 4/21/2016 | 177 | 25 | 550 | Belvedere Dry Cleaners |
| Court Appearance Fees | $110 | 11/1/15 | 349 | 11 | 121 | Singapore Courts |
| TCF Bank Fee | $125 | 9/16/2014 | 763 | 26 | 151 | TCF Bank fee due Plaintiff for Digital's now admitted failure to pay income tax late fees |
| Passport Pages Added | $82 | 9/24/2014 | 753 | 9 | 91 | |
| | | | | | | |
| **Total of Reimbursement** | **$996** | | | **$111** | **$1,107** | |

Personalized Employment Pass (PEP) was approved and valid in May 2014 but not collected until October 14, 2014.

Reimbursement Statement #3        Per Diem due to Delay for Tax Clearance                           9/28/2016

| 753 | Number of days | Date Accrued | Amount that was due | Number of days of interest | Total Interest @10% | Total Amount (USD) | Per diem Equivalent to 2014 Annual Salary and Bonus/365 = $753/day |
|---|---|---|---|---|---|---|---|
| April 12 - April 30, 2014 | 18 | 4/30/2014 | $13,554 | 900 | $3,710 | $17,264 | |
| May 1 - May 31, 2014 | 31 | 5/31/2014 | $23,343 | 869 | $5,554 | $28,897 | |
| June 1 - June 2, 2014 | 20 | 6/20/2014 | $15,060 | 849 | $3,500 | $18,560 | Tax Clearance Achieved 6/20/2014 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| Total of Reimbursement | 69 | | $51,957 | | $12,764 | **$64,721** | |

Digital Realty's Ellen Jacobs did not know that Mr. Somers income taxes were paid in Singapore by the company.  This resulted in Mr. Somers being delayed from moving from Singapore for 71 days.  Digital has an obligation to pay Mr. Somers, who was required to wait for Digital to obtain permission for him to relocated from Singapore.  Digital cannot justify the position that they wanted him to risk leaving Singapore and being stopped at by immigration before tax clearance was achieved. Mr. Somers its entitled to a per diem equal to his salary and bonus for those days he held back by this constraint.  This amount can be deducted from the future back pay settlement.

Mr. Somers was unable to permanently leave Singapore until June 21, 2014 when the tax clearance letter was received. From IRAS website in 2014.

Link: IRAS WEB SITE TAX CLEARANCE INSTRUCTIONS

"Tax Clearance is a process of ensuring that your non-citizen foreign employee pays all his taxes when he ceases employment with you in Singapore or plans to leave Singapore for more than three months. Tax clearance obligations apply to all work pass holders including PEP holders."
"IRAS will send you the tax bill. If the monies withheld from your payroll are not sufficient to pay your taxes, you must settle the difference before departure. If there is outstanding tax, **you will be stopped from leaving Singapore.** In such instance, you will need a release letter from IRAS."

Deloitte suggested that Mr. Somers try to leave before the IRAS realizes that he owed taxes for the upcoming year.  Norazlindah Mohd Ajis wrote on May 7, 2014, "there **should not be** any problem for you to leave Singapore. Please note that the IRAS will issue a Directive to the Immigration and Checkpoints Authority of Singapore (ICA) to prevent you from leaving Singapore only if you have arrears in your tax account with the IRAS."  This is Mr. Somers had an accrued taxes for 2014 and 2015.  Obtaining those accrued taxes is the entire point of tax clearance.  Ms. Ajis is careful to write "should not be" because there was a chance that he would have been stopped and charged with an offense for trying to do so because tax clearance had not been approved.  The letter Ms. Jacobs provided Mr. Somers would not have swayed the immigration officials. Paying the projected taxes in advanced no bearing on the outcome.  **Tax clearance requires that the payment be received and the paperwork approved. The latter occurred on June 19, 2014.  Mrs Somers received the notification on June 21, 2014.**

Reimbursement Statement #5   **Maintenance of 63 Cairnhill Circle**                              9/28/2016

Below are expenses for maintaining the leased premises at 63 Cairnhill Circle, Singapore for maintaining the condo from April 9, 2014 through October 31, 2015. These costs would have been due under the lease contract regardless of whether Mr. Somers would have illegally fled Singapore in May 2014 as instructed by Digital Realty or not.  The Tenancy Agreement required that the property be maintained throughout the 24 months of the leasehold. Maintenance includes the running of the air conditioning to protect the premises from humid conditions and SP Services

1. **SP Services**
   The SP Services monthly invoice was for electricity, water, gas and refuse removal. See attached table for actual and estimated costs.

   **Total Paid for SP Services is** $S8,350 or **USD $6,347**

2. **Solutions Aircon**
   Annual Contract for required by Tenant Agreement for quarterly air conditioning unit maintenance

   a. **Year One:** Fixed contract per Tenant Agreement was $S513.60 for 12 months or  $S1.41/day prorated from April 9 - December 13, 2014 is 249 days paid or **$S350.87**

   b. **Year Two:**  No fixed contract First Quarter December 14 - March 13, 2014 First service:  **$S143.43**

   **Total Paid for Aircon maintenance is** $S494 or **USD $363.**

TOTAL DUE FOR REIMBURSEMENT OF PAID MAINTENANCE ON LEASED PROPERTY FROM APRIL 9, 2014 UNTIL OCTOBER 31, 2015: **USD$6,710.**

Reimbursement Statement #5   **Judgement for 63 Cairnhill Circle**   9/28/2016

| **Cost Recap with Interest** | | | |
|---|---|---|---|
| **2014** | S$ | USD | Sept. 28, 2016 Fx |
| April (pro-rata from termination date) | $181,000 | $133,186 | 1.35900 |
| Mesne Profits | $3,166 | $2,330 | 1.35900 |
| Interest | $25,750 | $18,948 | 1.35900 |
| Costs | $2,300 | $1,692 | 1.35900 |
| Interest Accrued 282 days | $8,733 | $6,426 | 1.35900 |
| | | | |
| | | | |
| | | | |
| Total Paid USD | $220,949.00 | $162,582.05 | |

*March through October is taken as the average of all of the previous months since the records are no longer available.

Plaintiff's Declaration

# EXHIBIT B



manager • May 5, 2017                                                              ○ No Comments

# Some messages we cannot and should not ignore

I have been getting a consistent message from the Universe over the last couple of weeks and it was made more apparent when I participated in a recent coaching session using the **Points of You cards**.

The cards that 'chose' me (i.e. they were face down) were **Guilt, Devotion and Judgement** (as you can see from the image above). Two of these cards, Guilt and Judgement could be considered negative but actually I saw them as a positive. They were a reminder of what I needed to focus on and work through in 2017.

The first message around **Guilt & Devotion** actually came during a coaching session when I was in NZ a couple of months ago. I met an amazing lady, Gabriella Swan, who has special skills as a medium and a clairvoyant and connects people to their spiritual guides. We spent 1.5hrs together exploring different areas of my life and answering some really deep questions. I had never spent such a focused time looking at me, my life, my relationships and whilst it was confronting and upsetting it was so liberating and comforting I still feel the glow now.

I need to throw guilt out the window, **let it go**, **stop allowing it to restrict and dictate what I do and don't do**; I need to be kind to myself, take time to enjoy what I want to enjoy and celebrate me! Easy to say, not so easy to do but then I got another clear message during the more recent coaching session with **Points of You**: the first card I picked up was the Guilt card & the second card was Devotion!

OK, ok, I get the message! So, I spent 2 hours talking to different people in the group about why **Guilt** had to take a backseat in 2017, why **Devotion** (the 2nd card I got) had to be more present and why **Judgement** (the 3rd card I was given) had to take more of a starring role. Judgement for me was about measuring what I do, having a focus and keeping an eye on what is being done. Time to take the *right* things a little more seriously…. and the key here is the 'right' things.

---

Stop wasting energy on thoughts and activities that will not provide the right return on investment, whether it be emotional or financial.

---

The card I actually chose for myself, that just sums things up at the moment is **'Timing'** – never before have I felt so certain about something, had the passion to see it through and the conviction that it will work.

---

This message keeps coming to me and is one I cannot ignore and has actually inspired me to take a leap of faith and embark on something really exciting in 2017 which will transform New Voice and define what I have known for a while but not been able to put out there.

---

So, find *your* message – **STOP** for a moment and really look into your life, your loves, your goals, your dreams. Once you start looking, you will be amazed what you find and what finds you.