United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SOMERS,<br><br>    Plaintiff,<br><br>v.<br><br>DIGITAL REALTY TRUST INC, et al.,<br><br>    Defendants. | Case No. 14-cv-05180-EMC<br><br>**ORDER DENYING PLAINTIFF'S REQUESTS FOR RECONSIDERATION OF MAGISTRATE JUDGE'S DISCOVERY ORDERS**<br><br>Docket Nos. 249, 253, 254 |

Between July 26 and August 21, Plaintiff Paul Somers filed six motions with the Court. The motions are:

(1) Docket No. 247: First MOTION for Extension of Time to File Response/Reply as to 246 Order on Motion for Protective Order, 245 Order on Discovery Letter Brief

(2) Docket No. 248: First MOTION for Reconsideration re 246 Order on Motion for Protective Order Requesting Reconsideration of Magistrate Judge's Non-Dispositive Pretrial Order

(3) Docket No. 249: First MOTION for Reconsideration of Magistrate Judge's Non-Dispositive Pretrial Order re 246 Motion for Protective Order

(4) Docket No. 251: First MOTION for Special Relief from Stay to Hear Motion for Leave of Stay to Request Approval To Exceed Page Limits and for Further Extension of Time to Allow Plaintiff to File Motion for Relief of Non-Dispositive Pretrial Order of Magistrate Judge

(5) Docket No. 253: MOTION for Reconsideration re 245 Order on Discovery Letter Brief

(6) Docket No. 254: Second MOTION for Extension of Time to File Due to New Information Regarding Defendant's Conduct Affecting Recent Motion

The Court previously granted Motions 1 (Docket No. 247) and 4 (Docket No. 251). *See* Docket No. 252. The Court finds Motion 6 (Docket No. 254), requesting still more time to file yet

another motion that has already been briefed, is not supported by good cause and is therefore **DENIED**.[1]  Motion 3 (Docket No. 249) replaced Motion 2 (Docket No. 248) on the docket.  The Court now considers Motions 3 (Docket No. 249) and 5 (Docket No. 253) and, for the reasons below, **DENIES** both motions.

A. <u>Reconsideration of July 11 and July 13 Pretrial Orders</u>

Motions 3 and 5 respectively concern two of the Magistrate Judge's orders: a July 11, 2017 order concerning several discovery disputes between the parties (Docket No. 245) and a July 13, 2017 protective order barring Plaintiff from communicating with certain witnesses outside of formal judicial process (Docket No. 247).

A district judge "may reconsider any pretrial matter" determined by a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).  Local rules require the movant to "specifically identify the portion of the Magistrate Judge's order to which objection is made and the reasons and authority therefor." Local C.R. 72-2.  The request should specify "the action requested and the reasons supporting the motion." *Id.*

With respect to his challenge to Judge Westmore's order on several outstanding discovery disputes, *see* Docket No. 245, Plaintiff has utterly failed to specify the basis for his objections.  Rather, on pages 9 and 10 of the motion, he simply enumerates the discovery disputes he disagrees with, without explaining why the Magistrate Judge's holding was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See* Docket No. 253 at 9-10.  As a preliminary matter, a number of issues Plaintiff objects to have nothing to do with the July 11, 2017 Order; rather, they pertain

---

[1] The Court has attempted to give Plaintiff every chance to present his arguments, but he has abused the opportunity.  For example, Plaintiff requested leave to file a late 13-page motion (eight pages in excess of the local rules) regarding Judge Westmore's discovery order because "there is a fair amount of detail to unwind and research to be done." *See* Docket No. 251.  The Court granted the request. *See* Docket No. 252.  Plaintiff's objections took no more than 1 page, at the end of the motion; the remaining ten pages were largely devoted to immaterial procedural background, including lengthy discussion of issues that are not pertinent to the recent discovery dispute or have already been resolved by the Court. *See* Docket No. 253.  On August 21, Somers filed yet another motion "requesting a further extension to file the Declaration and supplemental brief." *See* Docket No. 254 at 4.  However, Somers has already received two extensions, and has already filed several briefs and a declaration.  The Court does not find good cause to grant the request; it is hereby **DENIED**.

1  to a March 15, 2017 order for which Plaintiff has already sought, and been denied,

2  reconsideration. *See* Docket Nos. 201, 218. Other objections, such as "general objections to

3  discovery letter process," are not comprehensible. *See* Docket No. 253 at 9. Notwithstanding

4  Plaintiff's failure to specify the basis for his remaining objections, the Court has reviewed the

5  Magistrate Judge's order and finds no basis to disturb it. Thus, the Court **DENIES** Plaintiff's

6  motion for reconsideration of the July 11, 2017 order. *See* Docket No. 253.

Plaintiff also challenges Judge Westmore's issuance of a protective order that states:

> Plaintiff shall not contact Ms. Schubert in connection with any matter relating to this case except through formal judicial process. Plaintiff is also directed not to threaten any disclosed witnesses, and/or otherwise engage in intimidating or abusive communications with such individuals. This order does not prevent Plaintiff from reaching out to those disclosed witnesses as part of the judicial process, so long as Plaintiff is civil and refrains from personal attacks and threats.

Docket No. 246 at 3-4. Contrary to Plaintiff's assertion, *see* Docket No. 249 at 3, Judge Westmore explained precisely what actions she relied on to determine a protective order was necessary: Plaintiff's e-mail to Ms. Schubert, a former employee of Defendants, which included several abusive comments, like blaming Ms. Schubert for the damage he has suffered, losing his father to suicide, and his inability to care for his ill mother. *See* Docket No. 246 at 3 (citing Schubert Decl., Exh. A, Docket No. 242-1). Plaintiff then accused Ms. Schubert of defamation, writing, "[w]hy did you write those false statements? Did you want to get even with the universe because you can't give birth? Is your marriage still so miserable you wished to spread it around your sadness [sic]?" *Id.* Ms. Schubert was, of course, upset, and expressed a desire not to be contacted by Plaintiff again. *See* Schubert Decl. ¶ 4.

The Court finds that Judge Westmore's protective order has ample evidentiary and legal support. In addition to the authorities Judge Westmore has cited, "a court has the inherent power to protect witnesses." *Wheeler v. U.S.*, 640 F.2d 1116, 1123 (9th Cir. 1981). This power "stems from the indisputably broad powers of the trial judge to ensure the orderly and expeditious progress of a trial," and the "broad discretion to protect the administration of justice from abuses, oppression and injustice." *Id.* (citations and quotations omitted). Plaintiff's suggestion that a

3

finding of bad faith is required is meritless, as such orders do not require that finding. Docket No. 249 at 4. Even if they did, the Court would have no trouble inferring bad faith from an abusive e-mail that specifically attacks Ms. Schubert for her testimony in this litigation and threatens her with a defamation lawsuit. Plaintiff has identified no basis demonstrating Judge Westmore's order was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).[2] Moreover, the order does not prejudice his discovery efforts because he still has the ability to use formal judicial process to obtain whatever evidence he may need. Accordingly, this Court **DENIES** his motion for reconsideration of the protective order. *See* Docket No. 246.

In light of Plaintiff's abuse of the litigation process, *see supra* n.1, Plaintiff is ordered not to file additional motions or declarations in connection with the July 11 and July 13, 2017 protective order and discovery order, or other orders of the Magistrate Judge for which he has already sought review.

This order disposes of Docket Nos. 249, 253, and 254. The Court previously resolved Docket Nos. 247 and 251.

**IT IS SO ORDERED**.

Dated: August 22, 2017

EDWARD M. CHEN
United States District Judge

---

[2] Plaintiff also appears to dispute a July 8, 2016 Order, *see* Docket No. 110, but this Court has already reviewed that order, sustaining it in part and overruling it in part, *see* Docket No. 116. *See* Docket No. 249 at 2-3.

4