FROM THE DESK OF **PAUL SOMERS**

September 29, 2017

The Honorable Kandis A. Westmore
United States Magistrate Judge
for the Northern District of California
VIA ECF


Re: Paul Somers vs. Digital Realty Trust Inc., and Ellen Jacobs,
Case Nos. 3:14-cv-05180:


Judge Kandis A. Westmore United
States District Court Northern
District of California 1301 Clay
Street Oakland, CA 9461

**Re: Paul Somers v. Digital Realty Trust, Inc. & Ellen Jacobs. Case No. 3:14-cv-05180 Plaintiff Ex Parte Letter in Response to Defendant's Ex Parte Letter. Response to Defendant's False Statements Regarding Plaintiff's Discovery**

Dear Judge Westmore,

This ex parte letter was requested by the Court in response to Defendants' ex parte letter (Dkt. 256) which has, once again, unnecessarily multiplied proceedings for no good reason. Plaintiff complied with the Court's Order.

**A.      Valid Local Rules Are Laws of the United States And Must Be Obeyed. Defendants Failed to File Document.  The Court must reject Dkt. 256.**
The Court has many times that Defendants fail to follow applicable rules and laws[1] The following statement is from this Court's Standing Order:

---

[1] The United States District Court Northern District of California has their own Local Rules of Practice in Civil Proceedings, which supplement not duplicate the applicable Federal Rules. The rules are pursuant to 28 U.S.C. § 2071 and Fed. R. Civ. P. 83 and shall be construed so as to be consistent with the Federal Rules. These rules shall promote Fed. R. Civ. P. 1's "Just, efficient, speedy and economical determination" mandate of every action or proceeding.

> *13. Discovery disputes between the parties must be addressed in a joint*
> *letter. After meeting and conferring as set forth in ¶ 12 above, the*
> *parties shall draft and file a jointly signed letter within five (5) business*
> *days of the lead trial counsels' meet and confer session that contains….*

Defendants failed all items required and as a result the Court
The  *letter* or *motion* filed by the Defendant should not have been considered
by this Court.  Last year this court prohibited violation of the rules. (Dkt.    ).

Plaintiff reviewed cases in the Federal District Court for Northern California and found
no other ad-hoc discovery dispute processes.  The current process of writing a simple
letter to the Court and stating sanctions desired is not permitted and violate numerous
laws and rules on discovery.  For example, under Local Civil Rule 7-10 Digital Realty is
not permitted to file ex parte *letters*, without notice to opposing party, unless a statute,
Federal Rule, local rule unless a Standing Order authorizes it and if it does, Defendants
are to provide the rule allowing it,  they did not.

As well, Defendants failed to attest that they complied with the guidelines
of the Federal District Court for Northern California Defendants failed to honer
once again submitted a discovery dispute without providing 10 days notice,
intervention from the Magistrate Judge per her standing order.  This also occurred
a number of other times such as Docket 159.

The significance that the Local Rules carry is evident due to the fact that failure by
counsel or a party to comply with any duly promulgated local rule or any Federal
Rule may be a ground for imposition of any authorized sanction.  The Court
should terminate the Motion (Dkt. 256) and  rescind Order ( Dkt. 257) and require
Defendants to provide the proper documentation in the form of a joint letter to the
Court.

**B. Defendants Discovery Final set of 500+ Discovery Requests Were Untimely.  The Court must reject all late discovery received after April 7, 2017.**

Neither Plaintiff nor his attorneys consented to electronic discovery.  As a result, most of the items mentioned in Defendant's are invalid.   None of the March 7, 2017, discovery requests were never served via US mail or if they were they were well outside of the cut of date therefore nothing is due. (Dkt. 256).  Discovery cutoff was April 6.  Even if the above discovery requests were valid, Plaintiff has done an exhaustive and thorough search for the items requested and was unable to locate anything additional.  Plaintiff has incurred attorneys' fees incurred by Plaintiff has spent over $30,000 ingesting, searching, processing, producing electronic data. He has spent even more than $6,000 just on vendor costs to host the e-discovery.

**Neither Plaintiff nor his attorneys consented to electronic discovery. As a result, most of the items mentioned in Defendant's Letter Dkt. 256 are moot.  Plaintiff did not waive his right to object to these discovery items , there is no such mechanism.  Defense counsel has created in an extraordinary amount of unnecessary work for the Court and Plaintiff.**

1.  Travel documents showing whether he left Singapore post-termination (18:20-23)

2.  Evidence documenting the residency or travel of Mr. Ruiz from 2011 to 2014, as well as Mr. Ruiz's employment history during that time (18:28-19:2)

3.  Any attachments to the April 3, 2017 production of e-mails (18:26-27)

4.  Supplemental responses without objection to Interrogatories, Set Three  (19:15-16)

5.  All documents constituting the "gating approval process" (19:3-4)

Not just these All of the discovery requested by Plaintiff's on March  7, 2017 are invalid

**Rule 5(b)(2) Authorizes service by electronic means or any other means, but only if consent is obtained from the person served.** The consent must be express, and cannot be implied from conduct.Consent to service under Rule 5(b)(2) (D) must be in writing, which can be provided by electronic means. Parties are to specify the scope and duration of the consent. The specification should include at least the persons to whom service should be made, the appropriate address or location for such service—such as the e-mail address or facsimile machine ………

### D.  Miscellaneous Items

6. **All evidence of mitigation of economic damages (including that already produced) (19:7-8)**
   Proof that Defendant is being dishonest can be found in Dkt. 103, page 2, regarding mitigation.  The contents of the zip file they had twice received were sent via US Mail to Seyfarth Shaw in Chicago on July 20, 2017.

7. **Compliance with a return/destruction order regarding inadvertently produced privileged documents (11:18-21)**  The Defendant simply redacted the defamatory words of 2 employees against Plaintiff accusing him of "twisting words," "which is what got him into this situation in the first place."  This is not privileged.

8. **Supplemental responses without objection to Interrogatories, Set Three (19:15-16)**

   Defendant waived anything but the fact that they alleged this document was untimely (Dkt. 190). The Plaintiff turned over the document several hours late.  What was the harm to Defendants in those several hours 19 months ago?  The date of the document is proven by the email it was attached to.

   Consider the Defendants turned their evasive interrogatories in several _months_ late yet they refuse to comply with the requirement that all objections are waived.  Only the court can approve an extension for time to respond to interrogatories, <u>no extension was ever granted</u>. Despite the decision to refuse the First Set of Interrogatories for review or the alleged *waiving* of Plaintiff's discovery in March, Defendants have an on-going duty to supplement their answers,  now with no objections. Defendants have refused to do so.

4

**The Defendants failed, in all demands for sanctions, to properly file motions for sanctions per the rules below:**

9. A $1,000 sanction (19:16-18)

   Local Civil Rules, 7-8. Motions for Sanctions — Form and Timing
   (a) The motion must be separately filed and the date for hearing must be set in conformance with Civil L.R. 7-2; (b) The form of the motion must comply with Civil L.R. 7-2; (c) The motion must comply with any applicable Fed. R. Civ. P. and must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate. Defendant waited 14 months, it is untimely

   In Chambers v. NASCO, Inc., 501 U.S. 32,111 S. Ct. 2123,
   115 L. Ed. 2d 27 (1991), the Supreme Court considered criteria had been satisfied in the case before it. Drawn from the Rule 11 jurisprudence, one item that is missing in the process *"That sanctions be imposed only after the offender receives an appropriate hearing for abuses of process occurring beyond the courtroom (such as conduct before other Copyrighted mate tribunals or disobedience to court orders)"*

   No sanction is valid due to failure to submit a motion for sanctions. The Order should be rescinded.

   Plaintiff requests the Court kindly extend an opportunity for a hearing should there be any reason that the Court sees conflicting information from Defendant that would cause the court to assign sanctions to either party.

   Plaintiff will also be submitting Digital's discovery failures in the form of a joint letter after attempting to meet and confer. A number of separate motions for sanctions will likely be included.

Sincerely,

Paul Somers

5