```
SEYFARTH SHAW LLP
Brian T. Ashe (SBN 139999)
bashe@seyfarth.com
Shireen Yvette Wetmore (SBN 278501)
swetmore@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

SEYFARTH SHAW LLP
Kyle A. Petersen (ISBN 6275689) (admitted *Pro Hac Vice*)
kpetersen@seyfarth.com
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone:    (312) 460-5000
Facsimile:    (312) 460-7000
```

Attorneys for Defendants
DIGITAL REALTY TRUST, INC. and ELLEN JACOBS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SOMERS, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>DIGITAL REALTY TRUST, INC., a Maryland corporation; ELLEN JACOBS, an individual, and DOES ONE through TEN, inclusive,<br><br>        Defendants. | Case No. 3:14-cv-05180 EMC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO RESPOND TO MOTION, REQUEST FOR REOPENING OF DISCOVERY**<br><br>Date:  April 19, 2018<br>Time:  11:00 A.M.<br>Judge:  The Hon. Kandis A. Westmore<br><br>Complaint Filed: November 2, 2014 |

      Defendants DIGITAL REALTY TRUST, INC. and ELLEN JACOBS have four reasons to oppose Plaintiff's Request for Extension of Time to Respond to Motion, Request for Reopening of Discovery [Dkt. No. 274].

      First, Plaintiff seeks relief from the improper Court.  If he wants to re-open discovery, then such relief needs to be addressed to Judge Chen, not Judge Westmore.  Judge Chen set the discovery cut off

---

and controls that calendar. [Dkt. Nos. 210, 211, 242 (stay and orders lifting stay for limited purposes)]; *see also* Chen's Civ. Standing Order - General, ¶ 4 ("No changes to the Court's schedule shall be made except by order of the Court.").

Second, the motion is late. Any request for an extension should have been filed on or before the date for the opposition to Defendants' Motion for Sanctions [Dkt. No. 271]. That was due on February 8, 2018, 14 days after its filing on January 25, 2018. Loc. R. 7.3; Ashe Decl. Exh. A. Plaintiff does not explain his tardiness, let alone make a showing of good cause for it.

Third, even if the Request for Extension was before the proper Court and timely, it should still be denied because Plaintiff does not comply with Local Rule 6. He does not:

(1) submit a proposed order (Loc. R. 6-3(a)),

(2) submit a declaration (Loc. R. 6-3(a)),

(3) describe any efforts made to obtain a stipulation to the time change (Loc. R. 6-3(a)(2)),

(4) identify the substantial harm or prejudice that would occur if the extension is not granted (Loc. R. 6-3(a)(3)), or

(5) disclose previous time modifications in the case, whether by stipulation or court order (Loc. R. 6-3(a)(5)).

Although Plaintiff says that the requested time modification would add "no delay to the proceedings" [Dkt. No. 274, p.1:19], that is inaccurate. (Loc. R. 6-3(a)(6).) The parties are to return to Judge Chen on April 5, 2018 to set the summary judgment briefing, pre-trial and trial schedule [Dkt. No. 272]. Yet, the 75-day extension Plaintiff seeks would transcend that date and move his opposition to at least April 28, 2018, thereby pushing a hearing on the Motion for Sanctions into mid-May.

That sort of extension would require the April 5, 2018 scheduling conference to be moved at least six weeks so the parties can know if the issue sanctions Defendants are seeking in the Motion for Sanctions are granted before they write their motion for summary judgment. The proposed extension would move everything about three months at a minimum.[1]

---

[1] That three month delay is probably wishful thinking. If the extension is granted it would be to allow Plaintiff to do lots of new discovery. That would inevitably result in more litigation and delay, if the history of this case to date is any guide.

2

OPPOSITION TO PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO RESPOND TO MOTION, REQUEST FOR REOPENING OF DISCOVERY / CASE NO. 3:14-CV-05180 EMC

44393109v.1

Fourth, Plaintiff fails to make a showing of good cause for the requested extension. He does not address the Court's Discovery Order [Dkt. No. 245], which is the primary focus of the Motion for Sanctions. Instead, his only concern rests with the part of Defendants' motion dealing with his behavior in Washington D.C. He calls that part scandalous and homophobic, but these labels do not explain why an extension is needed.

Plaintiff always asks to reopen discovery in every court filing, so it is not surprising that he asks again now. But Defendants' Motion for Sanctions is not grounds for that relief. The issues in the Court's Discovery Order have been around for a long time already and most of the facts portraying Plaintiff's disturbing conduct in Washington are taken from his written admissions in the digitalcruety.com blog. He understandably does not like the way the photographs and blog postings he published are being used against him in argument, but that does not amount to good cause to reopen discovery. He is the master of these facts, no one else.

Plaintiff's motion for an extension of time should be denied for these four reasons. Because there was no good cause for the tardy requested extension, the Defendants' Motion for Sanctions should be deemed submitted without an opposition. Barring that, Defendants request an opportunity to respond to Plaintiff's opposition, should he be permitted to file one late, as the time to file Defendants' reply will have passed.

DATED: February 13, 2018

Respectfully submitted,

SEYFARTH SHAW LLP

By:   /s/ *Brian T. Ashe*
Brian T. Ashe
Kyle A. Petersen (admitted *pro hac vice*)
Shireen Y. Wetmore

Attorneys for Defendants
DIGITAL REALTY TRUST, INC.
and ELLEN JACOBS