UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SOMERS,<br><br>        Plaintiff,<br><br>    v.<br><br>DIGITAL REALTY TRUST INC, et al.,<br><br>        Defendants. | Case No. 14-cv-05180-EMC (KAW)<br><br>**ORDER GRANTING REQUEST FOR EXTENSION OF TIME TO FILE OPPOSITION; DENYING REQUEST TO REOPEN DISCOVERY**<br><br>Re: Dkt. No. 274 |

On January 25, 2018, Defendants Digital Realty Trust, Inc. and Ellen Jacobs filed a motion for sanctions against Plaintiff Paul Somers. (Dkt. No. 271.) Defendants' motion is based on Plaintiff's alleged: (1) failure to comply with the Court's July 11, 2017 discovery order, and (2) violation of the Court's July 13, 2017 protective order. (Dkt. Nos. 245, 246.)

Plaintiff's opposition was due on February 8, 2018. Plaintiff did not file his opposition; instead, on February 12, 2018, Plaintiff filed the instant request to extend the time to respond to Defendants' motion, as well as a request to reopen discovery. (Plf.'s Req., Dkt. No. 274.) Plaintiff asserts that he requires the reopening of discovery so that he may "disprove[] Defendant[s'] accusations," presumably in regard to the alleged violation of the protective order. (*Id.* at 2.) On February 13, 2018, Defendants filed an opposition to Plaintiff's request for an extension of time. (Defs.' Opp'n, Dkt. No. 275.)

The Court DENIES Plaintiff's request for the reopening of discovery. As an initial matter, the undersigned lacks authority to reopen discovery; such requests must be made of the presiding judge. Further, the Court disagrees that any discovery is required to respond to Defendants' motion with respect to the violation of the protective order. There is no reason why discovery of *Defendants* is necessary for Plaintiff to counter Defendants' assertions of what *Plaintiff* allegedly did; Plaintiff has knowledge of whether or not he acted in the way Defendants assert. The Court

also notes that Defendants' arguments appear to be primarily based on a publicly available article that Plaintiff published on his own website, which further highlights that the current dispute is about Plaintiff's actions, not Defendants'.

With respect to Plaintiff's request for an extension of the opposition deadline, the Court notes that Plaintiff's request is untimely, as it was not filed until after Plaintiff's opposition to Defendants' motion for sanctions was already due. Further, Plaintiff's request does not comply with Civil Local Rule 6-3(a); for example, Plaintiff does not describe any efforts made to obtain a stipulation to the time change.[1] These reasons alone warrant denial of Plaintiff's request for an extension of time.

The Court finds, however, that Defendants' motion requests significant issue and monetary sanctions. For that reason alone, the Court GRANTS Plaintiff's request for an extension of time.[2] Plaintiff has fourteen days from the date of this order to file his opposition; failure to do so **will** result in the Court granting Defendants' motion for sanctions as unopposed, pursuant to the undersigned's standing order. (Westmore Standing Ord. ¶ 22.) Defendants' reply is due seven days thereafter.

IT IS SO ORDERED.

Dated: February 20, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] Defendants' counsel asserts that Plaintiff did not communicate with Defendants' counsel regarding a proposed extension of time. (Ashe Decl. ¶ 5, Dkt. No. 275-1.)

[2] While the Court recognizes that Plaintiff is acting *pro se*, the Court notes that the presiding judge has repeatedly warned Plaintiff of his obligation to comply with the Court's rules and deadlines. (*See* Dkt. No. 116 n.1 ("Somers is forewarned that he must review the applicable federal and local rules, and will be expected to comply with the required deadlines in the future"); Dkt. No. 218 at 2 ("Judge Westmore provided ample time for the submission of a letter outlining discovery disputes that, by the terms of her prior order, could not exceed ten pages. [Citation.] No law requires her to provide additional accommodations to a party who has failed to comply with the terms of her order"); Dkt. No. 252 at 2 ("The Court reminds the parties that court deadlines must be followed"); Dkt. No. 255 at 1-2 n.1 (denying Plaintiff's motion for an extension of time to file a new motion, explaining that "[t]he Court has attempted to give Plaintiff every chance to present his arguments, but he has abused the opportunity").)