1
2
3
4 UNITED STATES DISTRICT COURT
5 NORTHERN DISTRICT OF CALIFORNIA
6
7 PAUL SOMERS,
   Plaintiff,
   v.
   DIGITAL REALTY TRUST INC, et al.,
   Defendants.

Case No. 14-cv-05180-EMC (KAW)

**ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE HEARING ON MOTION FOR SANCTIONS; ORDER TO SHOW CAUSE**

Re: Dkt. No. 313

Pending before the Court are Defendants' motion for sanctions and Plaintiff's motion for recusal. (Dkt. Nos. 271, 288.) The motions were originally set for hearing on April 19, 2018. On April 18, 2018, Plaintiff Paul Somers filed a letter seeking a second extension of time[1] to file his reply in support of his motion for recusal, and asking that future hearings be put on hold. (Dkt. No. 306 at 1.) That same day, the Court denied the request for an extension of time, and stated that the April 19, 2018 hearing would go forward. (Dkt. No. 307 at 2.)

On April 19, 2018, at 12:58 p.m., approximately half an hour before the scheduled hearing, Plaintiff e-mailed the Court stating that he had fallen ill the prior day and was "now being admitted to [the] hospital," and that "[t]he hearing for later this afternoon will have to be continued." (Dkt. No. 308.) The Court then deemed the motion for recusal suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b), and vacated the April 19, 2018 hearing on that matter. (Dkt. No. 309 at 1.) With respect to Defendants' motion for sanctions, the Court permitted Plaintiff to file a request to continue the hearing by April 26, 2018, but stated that "[t]he request must be accompanied by a declaration under penalty of perjury, and include

---

[1] The Court previously granted Plaintiff a one-week extension to file his reply brief due to technological difficulties. (Dkt. No. 303; *see also* Dkt. No. 300 at 1.)

extrinsic proof of Plaintiff's illness and subsequent hospitalization, *i.e.*, a hospital receipt or similar record." (*Id.*) Unfortunately, defense counsel was already on his way to the hearing and did not see the court's order issued less than ten minutes before the hearing was to begin. (Ashe Decl. ¶ 9, Dkt. No. 314-1.) When defense counsel appeared for the hearing, the Court informed him that Plaintiff would not be appearing due to an alleged illness.

On April 26, 2018, Plaintiff filed a proposed order for a continuance of the hearing on Defendants' motion for sanctions. (Dkt. No. 313.) Plaintiff did not include a declaration or extrinsic proof of his illness and subsequent hospitalization, as required by the Court's April 19, 2018 order. (*Id.*; *see also* Dkt. No. 309 at 1.) On April 27, 2018, Defendants filed an opposition to Plaintiff's request for a continuance. (Dkt. No. 314.)

Plaintiff has failed to comply with the Court's order to provide proof of his illness and subsequent hospitalization, which was ostensibly the reason for Plaintiff's failure to appear at the April 19, 2018 hearing. Accordingly, the Court DENIES Plaintiff's motion to continue the hearing on Defendants' motion for sanctions. The Court deems Defendants' motion for sanctions suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b), and will decide Defendants' motion on the papers.

Additionally, Defendants incurred $5,625 preparing for and attending the April 19, 2018 hearing. (Ashe Decl. ¶ 7.) As Defendants correctly point out, those attorney's fees would not have been incurred if Plaintiff had timely informed Defendants and the Court of his illness the prior day, instead of waiting until half an hour before the hearing to state that he could not attend. Moreover, Plaintiff has failed to substantiate his claim of illness and hospitalization, despite the Court's requirement that he do so if moving for a continuance of the hearing. Therefore, Plaintiff is ordered to show cause, by **May 11, 2018**, why Plaintiff should not be required to pay Defendants' attorney's fees incurred for preparing for and attending the April 19, 2018 hearing.

IT IS SO ORDERED.

Dated: April 27, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge

2