SEYFARTH SHAW LLP
Brian T. Ashe (SBN 139999)
bashe@seyfarth.com
Shireen Yvette Wetmore (SBN 278501)
swetmore@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

SEYFARTH SHAW LLP
Kyle A. Petersen (ISBN 6275689) (admitted Pro Hac Vice)
kpetersen@seyfarth.com
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone:    (312) 460-5000
Facsimile:    (312) 460-7000

Attorneys for Defendants
DIGITAL REALTY TRUST, INC. and ELLEN JACOBS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SOMERS, an individual,<br><br>            Plaintiff,<br><br>    v.<br><br>DIGITAL REALTY TRUST, INC., a Maryland corporation; ELLEN JACOBS, an individual, and DOES ONE through TEN, inclusive,<br><br>            Defendants. | Case No. 3:14-cv-05180 EMC (KAW)<br><br>**MOTION IN LIMINE NO.: 1**<br><br>**ORDER TO EXCLUDE EVIDENCE PLAINTIFF DID NOT DISCLOSE DURING DISCOVERY**<br><br>Date:    August 2, 2018<br>Time:   1:30 p.m.<br>Place:   San Francisco Courtroom 05<br>           (17th Floor) |

Defendants move this Court *in limine* for an order to exclude evidence Plaintiff did not disclose during discovery. Federal Rule of Civil Procedure 26(a) requires parties to disclose certain evidence to the other parties in an action without awaiting a discovery request. Further, a party is under a continuing obligation to supplement its prior productions if it learns that the production is incomplete or incorrect. If a party does not provide information or identify a witness as required by Rules 26(a) and (e), then,

1  pursuant to Federal Rule of Civil Procedure 37, "the party is not allowed to use that information or
2  witness to supply evidence on . . . at a trial . . . ." FED. R. CIV. P. 37. *See* Fed. R. Civ. P. 37, Notes of
3  Advisory Committee on Rule - 1993 Amendment; *Hoffman v. Constr. Protective Serv.*, *Inc.*, 541 F.3d
4  1175, 1179 (9th Cir. 2008). This sanction is "self-executing" and "automatic," absent a determination of
5  either substantial justification or harmlessness.  Fed. R. Civ. P. 37, Notes of Advisory Committee on
6  Rule - 1993 Amendment.

7  Defendants anticipate Plaintiff will attempt to introduce or refer to an audio recording not
8  previously produced in discovery. In filings with the Court after the close of discovery, Plaintiff
9  disclosed the purported existence of a recording he claims to have of a January 2014 review meeting
10 between he and his manager, Kris Kumar. Plaintiff says Kumar can be heard praising Plaintiff on the
11 recording:

> Plaintiff legally recorded his annual review with Kris Kumar on January 29, 2014. Statements made by Mr. Kumar were favorable.  Plaintiff was told that he was performing "very well," and things were 'hunky dory."

14 Dkt. No. 268, CMC Statement at 2:24-3:2. Plaintiff did not produce this recording during discovery.
15 Upon learning of the alleged recording through the CMC Statement, Defendants advised Plaintiff and
16 the Court they would seek to exclude the recording due to Plaintiff's failure to produce it during
17 discovery.  *See* Dkt. No. 268, CMC at 13:13-15. Plaintiff has still not produced the recording, nor has he
18 offered any explanation for not doing so, let alone substantial justification.

19 In determining whether to preclude introduction of evidence pursuant to FRCP 37, courts
20 consider "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that
21 party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the
22 importance of the evidence, and (5) the nondisclosing party's explanation for [its] failure to disclose the
23 evidence." *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F.Supp.2d 719, 733 (N.D.Cal.2011) (the
24 "Baykeeper Factors").  Applied here, the Baykeeper Factors all weigh in favor of excluding the withheld
25 evidence.

26 First, the element of surprise indisputably supports excluding the recording because Defendants
27 have not heard it and do not know what it says. It is therefore axiomatic that the contents of the
28 recording would come as a complete surprise to Defendants. This just the sort of "evidentiary ambush"

1

MOTION IN LIMINE NO. 1 - ORDER TO EXCLUDE EVIDENCE PLAINTIFF DID NOT DISCLOSE DURING DISCOVERY / CASE NO. 3:14-CV-05180 EMC (KAW)

Rules 26 and 37 are "designed to prevent." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958).*Assibey-Mensah*, 2016 WL 866705, at *2 (*citing United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)). Were this Court to allow Plaintiff to introduce the recording, Defendants would be unable to properly defend against the surprise evidence.

Second, Defendants cannot cure the surprise. Discovery is closed and the case is set for trial on December 3, 2018. In order to cure the surprise, Defendants would need to re-engage in discovery to seek the deposition of the other participant in the allegedly recorded call. According to Plaintiff, the recording is of a conversation between he and his former manager, Kris Kumar. Mr. Kumar is no longer affiliated with Digital and, upon information and belief, lives and works outside of the United States. Pursuing his deposition, therefore, would require invoking the Hague Evidence Conventions, a process that can take months. Defendants therefore cannot cure the surprise before the scheduled trial.

Third, allowing the recording into evidence would disrupt the scheduled trial and therefore weighs in favor of preclusion. If Plaintiff is allowed to introduce the recording, the trial date would need to be moved to allow Defendants the opportunity to collect rebuttal evidence and/or pursue the deposition of Mr. Kumar. As noted above, because he is a foreign national outside of the United States, that process is unlikely to be completed in advance of the scheduled trial date.

The fourth Baykeeper factor considers the importance of the evidence. It appears from Plaintiff's position in the CMC Statement that he intends to use the alleged recording to rebut Digital's legitimate non-discriminatory and non-retaliatory reason for terminating his employment, which goes to the crux of Plaintiff's wrongful termination claims. (Dkt. No. 268.) Given this, the admission of non-disclosed information would substantially prejudice Defendants as they were not afforded the opportunity to investigate or refute the evidence.

Finally, the fifth factor weighs strongly in favor of exclusion. Plaintiff has offered up no reason for his failure to produce the recording, let alone one that would substantially justify his continued refusal to produce the recording. (Dkt. No. 268.)

Because all five of the Baykeeper factors weigh in favor of exclusion, the Court should grant Defendants' motion in limine and bar Plaintiff from introducing or referring to the alleged recording during trial.

2

MOTION IN LIMINE NO. 1 - ORDER TO EXCLUDE EVIDENCE PLAINTIFF DID NOT DISCLOSE DURING DISCOVERY / CASE NO. 3:14-CV-05180 EMC (KAW)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED: June 14, 2018

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____*/s/ Brian T. Ashe*_____
Brian T. Ashe
Kyle A. Petersen
Shireen Yvette Wetmore

Attorneys for Defendants
DIGITAL REALTY TRUST, INC. and
ELLEN JACOBS

46824130v.1

3

MOTION IN LIMINE NO. 1 - ORDER TO EXCLUDE EVIDENCE PLAINTIFF DID NOT DISCLOSE DURING DISCOVERY / CASE NO. 3:14-CV-05180 EMC (KAW)