PAUL SOMERS
1278 Glenneyre #508
Laguna Beach, CA  92651
(917)-868-1070
paulsomers@me.com
Pro Se

UNITED STATES DISTRICT COURT

FOR

THE NORTHERN DISTRICT OF CALIFORNIA

PAUL SOMERS, an individual,

Plaintiff,

vs.

DIGITAL REALTY TRUST INC., a Maryland corporation, ELLEN JACOBS, an individual, and DOES ONE through TEN, inclusive,

Defendants.

Case No. 14-CV-05180 EMC

**PLAINTIFF'S MOTION FOR RELIEF OF NONDISPOTIVE PRETRIAL ORDER OF MAGISTRATE JUDGE DENYING MOTION FOR CLARIFICATION REGARDING EX PARTE COMMUNICATIONS WITH DEFENDANTS**

Pursuant to Local Rule 72-2, Federal Rule of Civil Procedure 72(a), and 28 U.S.C. § 636(b)(1)(A), Plaintiff requests relief from an Order (Dkt.328) signed by the Magistrate Judge Kandis Westmore dated June 5, 2018.  The Order is in response to Plaintiff's Request for Clarification (Dkt. 326).  This Court is asked to decide if it is an error or an abuse of discretion for a magistrate judge to refuse to clarify an important question that if left unanswered, will result in a miscarriage of justice.

In her Order (Dkt. 319) denying Plaintiff's motion calling for her recusal, the Magistrate Judge states *three times* that she has not engaged in any ex parte communication *with the Defendants*:

> "...the Court has not had any ex parte communications with Defendants." (Dkt 319, page 21, line 11)

> "Again, not only were there no ex parte communications between the Court and Defendants,.." (Dkt 319, page 21 at 21)

> "In short, there were no ex parte communications between the Court and Defendants." (Dkt 319, page 22 at 10)

Plaintiff had shown in the motion to recuse (Dkt. 288) that the Magistrate Judge has engaged in numerous ex parte communications with the *defense counsel[1]*, not *the Defendants*. The Magistrate Judge's references to "Defendants" in her three statements above is misleading. Even if the evidence (struck by the Magistrate Judge from the recusal motion) didn't prove that she engaged in ex parte communications, there is always her own knowledge of the truth to rely and act upon. In Plaintiff's Motion for Administrative Relief, Judge Westmore was asked (Dkt. 326):

> Magistrate Judge Kandis Westmore, have you engaged in ex parte communications with the defense counsel or any representatives of the Defendants involved in the lawsuit known as Paul Somers vs. Digital Realty Trust, Inc., & Ellen Jacobs, Case No. 14-CV-05180 filed in the United States District Court for the Northern District of California?

---

[1] Plaintiff presented evidence to support the motion to recuse (Dkt. 301) taken by way of cookies which detailed the Magistrate Judge's visits to Plaintiff's blog leading to proof of the ex parte communications. The Defendants filed an improper motion to strike evidence (Dkt. 302), which Judge Westmore granted removing important evidence against her own recusal.

The Magistrate Judge's response (Dkt. 328):

> ORDER by Judge Kandis A. Westmore denying [326] Plaintiff's motion for clarification. The Court finds the motion to be frivolous. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kawlc2, COURT STAFF) (Filed on 6/5/2018)

The Magistrate Judges refusal to answer the question about this important matter is anything but frivolous. Plaintiff is asking the judiciary to be transparent. Plaintiff should not have to act as an investigator in these proceedings but given that which has occurred he is left with little choice. The Ninth Circuit Court of Appeals made it clear in Guenther v. C.I.R. that "[t]he due process clause guarantees no person shall be deprived of life, liberty, or property without due process of law." Guenther v. C.I.R., 889 F.2d 882, 884 (9th Cir. 1989). They went on to say "*ex parte* proceedings are anathema in our system of justice," and "absent some 'compelling justification,' *ex parte* communications will not be tolerated." It appears that ex parte proceedings with the defense counsel are not only being tolerated but encouraged. Plaintiff asks the Court to compel an answer form the Magistrate Judge affirming or denying ex parte communications with the defense counsel in these proceedings.

Respectfully Submitted,

Dated: June 19, 2018

      /s/ Paul Somers
PAUL SOMERS
Plaintiff, Pro Se